## FRANCIS DRUG CO. v. POTTER, Federal Prohibition Director.

## UNITED STATES v. TWELVE CASES OF FOUR ROSES WHISKY AND TWO GALLONS OF ALCOHOL.

(District Court, D. Massachusetts. September 28, 1921.)

No. 2045.

1. **Intoxicating liquors ⬤⟿255—Commissioner without power to order return of liquor seized.**

   A United States commissioner, who has issued a search warrant under National Prohibition Act, tit. 2, § 25, is without power to order a return of liquor seized thereunder, which is "subject to such disposition as the court may make thereof."

2. **Intoxicating liquors ⬤⟿247—Seizure of liquor held under permit held unlawful.**

   Liquor lawfully in possession of a drug company, having a permit to keep and sell the same for lawful purposes, cannot lawfully be seized under a search warrant issued on an affidavit charging an illegal sale on its premises, nor can liquor so seized lawfully be held pending a proceeding for revocation of the company's permit.

At Law. Petition by the Francis Drug Company to adjudge Elmer C. Potter, Federal Prohibition Director, in contempt of court for his failure to obey an order in a proceeding by the United States against twelve cases of Four Roses whisky and two gallons of alcohol. Both petitions denied.

Gallagher, Rogers & Shea, of Boston, Mass., for petitioner.
The United States Attorney, for respondent.

MORTON, District Judge. [1] This is a petition praying that the respondent, the prohibition director for Massachusetts, be adjudged in contempt of court for his failure to obey an order made by United States Commissioner Hayes for the return of certain liquor which was seized on a search warrant issued by Commissioner Hayes and is in the possession and control of the respondent. The facts are as follows:

The Francis Drug Company, a corporation, holds a permit under the National Prohibition Act (41 Stat. 305) to keep and sell intoxicating liquor in accordance with the provisions of the act. Evidence was brought to the attention of the prohibition enforcement officers that an illegal sale of liquor for beverage purposes had been made at the Drug Company's place of business. Thereupon an application for a search warrant was made, which stated that liquors were illegally kept on said premises; this application was supported by an affidavit stating that an illegal sale had been made there. Commissioner Hayes thereupon issued a search warrant, which was duly served by the prohibition officer, and the liquors here in question were seized and turned over to the respondent. They formed part of the stock in trade of the Drug Company, which by its permit it was authorized to keep for proper purposes.

The Drug Company brought these facts to the commissioner's attention by an intervening motion or petition praying for the return of the liquors. The commissioner, being satisfied that the facts were as stated, made an order for the return. This order was duly served upon Mr. Potter, the respondent, and under advice of counsel he declined to obey it, being advised that the commissioner had no power to make such an order. The present petition was then brought. The proceeding is in the nature of a test case, to determine whether the commissioner has the power in question. Mr. Potter stands ready to obey any order which the court may make in the premises.

The provisions of the National Prohibition Act relating to search warrants are found in title 2, sections 2 and 25. Section 2 reads:

"Officers mentioned in said section 1014 are authorized to issue search warrants under the limitations provided in title XI of the act approved June 15, 1917."

Section 25 reads:

"It shall be unlawful to have or possess any liquor or property designed for the manuracture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, aproved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order."

It will be observed that both of these sections incorporate the provisions of the so-called Espionage Act (40 Stat. 228 et seq. [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v]) as to the issue of search warrants. These are too long to quote. The section principally relied upon by the petitioner is numbered 16:

"If it appears that the property or paper taken is not the same as that described in the warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken." Section 10496¼p.

The present petitioner followed the practice prescribed in this section, and the order of the commissioner which is here in question was made thereunder. It is the contention of the respondent that section 16 does not apply to seizure of liquor under the National Prohibition Act, upon the grounds that only the "issue" of search warrants is to be governed by the Espionage Act, and that section 25 of the Prohibition Act explicitly provides that "such property so seized shall be subject to such disposition as the court may make thereof." As this clause is immediately followed by provisions as to the disposition of liquor or property unlawfully held, possessed, or used under the act, it is argued that it must refer to the disposition of property which is found not to be so held, possessed, or used.

Both the Espionage Act and the Prohibition Act contemplate the possibility that property may be seized which ought not to have been seized. The Espionage Act gives the commissioner who has issued

the search warrant the power to cause such property "to be restored to the person from whom it was taken." The Prohibition Act provides that "property so seized shall be subject to such disposition as the court may make thereof." The latter is the later enactment, and refers specifically to property seized under the Prohibition Act. As to such property it supersedes, I think, the broader provisions of the Espionage Act. I therefore am of opinion that the petition of the Francis Drug Company cannot be maintained and must be dismissed.

[2] The United States of America has filed in these proceedings a petition relating to the same liquors, praying that the court will direct the federal prohibition director to hold the seized liquor until further order of court. This petition prays the direction of the court as to the property and conforms to the requirements of section 25. It gives the court jurisdiction over the liquor in question. Proceedings have been instituted against the Drug Company under title 2, section 9, of the National Prohibition Act for the revocation of its permit. The United States contends that, even if the liquor were improvidently seized, the return of it ought not to be ordered while such proceedings are pending, and that the mere fact of an illegal sale on the premises of the Drug Company warrants the finding that the liquor there was held for illegal purposes. I am unable to agree with either of these contentions. The fact that proceedings against the Drug Company are pending under section 9 seems to me irrelevant and immaterial on the questions now before the court. And I do not think the mere fact of an illegal sale on the Drug Company's premises sufficient to warrant a finding that its stock of liquor was being held for illegal purposes involving a repudiation of its obligations under its permit. The Drug Company's possession of the seized liquor was not unlawful. All the facts in relation to the matter are before the court, and it can be disposed of without further proceedings. On the petition of the United States an order will be entered denying the prayer of that petition, and ordering the return of the liquor to the respondent.