### In re ALPERN et al.

(District Court, W. D. New York. March 3, 1922.)

1. **Intoxicating liquors** ☞255—**Commissioner without authority to return property wrongfully seized under Prohibition Act.**

National Prohibition Act, tit. 2, § 2, which, inter alia, authorizes United States commissioners to issue search warrants "under the limitations provided in title 11 of the act approved June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), does not authorize the commissioner to return property wrongfully seized thereunder, as provided in section 16 (section 10496¼p); such provision being superseded as to such seizures by National Prohibition Act, tit. 2, § 25, providing that

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property seized thereunder "shall be subject to such disposition as the court may make thereof."

2. **Intoxicating liquors ⬅248—Liquor in possession of druggist holding permit not subject to seizure on affidavit charging unlawful sale.**

Liquor in possession of a drug company, under a permit to keep and sell the same for lawful purposes, cannot lawfully be seized under a search warrant issued on an affidavit charging unlawful sale of liquor on the premises.

At Law. In the matter of application of Julius Alpern and David K. Gritz, partners doing business as the Alpern-Gritz Drug Company, for an order directing return of certain intoxicating liquors, canceled physicians' prescriptions, and internal revenue record book, seized under a search warrant. Order granted as to the liquors.

William J. Donovan, U. S. Atty., of Buffalo, N. Y. (Edward N. Mills, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

O'Connor, Newton & Doyle, of Buffalo, N. Y., for petitioners.

HAZEL, District Judge. This is a petition for the return of a quantity of intoxicating liquor in bottles, an internal revenue book, and physicians' prescriptions in the possession of the petitioners, seized under a search warrant pursuant to the provisions of the National Prohibition Act (41 Stat. 305). The petitioner Gritz concededly is a licensed druggist, engaged in partnership with one Alpern in business at Buffalo under the firm name of Alpern-Gritz Drug Company. The petition, which is not controverted, shows that on October 24, 1921, in accordance with law, the petitioners in their firm name applied for and later received from the Commissioner of Internal Revenue a permit and authority to sell and dispense intoxicating liquors under the provisions of the National Prohibition Act. On January 20, 1922, while the permit was in full force and effect, the United States commissioner issued a search warrant on information that the petitioners had sold liquor illegally. Federal Prohibition Agent Christal was authorized to search the drug store of petitioners, which was the place specified in the permit, and there seize all intoxicating liquors discovered therein. Pursuant thereto the property above specified was taken and is now in the possession of the local prohibition agent.

[1] It is now contended that the search and seizure were in violation of the National Prohibition Act; that the search warrant was void, and the United States Commissioner was without authority in law to issue the same. This contention involves the construction of title 2, §§ 2–25, of the National Prohibition Act, and comparison with the Act of June 15, 1917 (Espionage Act, tit. 11 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v]) to which section 25 refers. Section 2 of title 2 of the National Prohibition Act provides as follows:

"Sec. 1014 of the Revised Statutes of the United States is hereby made applicable in the enforcement of the act. Officers mentioned in said section * * * are authorized to issue search warrants in the method provided in title XI of the Act approved June 15, 1917."

In section 25 of title 2 of the National Prohibition Act it is provided:

"A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, and containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order."

By section 1 of title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a) a search warrant may be issued by a judge of the United States District Court or by a United States commissioner for the district wherein the property sought is located, and section 16 (section 10496¼p) reads:

"If it appears that the property or paper taken is not the same as that described in a warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken."

The above provisions relating to the disposition of liquor or property taken, "designed for the manufacture of liquor," or "property or paper taken," are apparently conflicting, for in the one it is subject to disposition or destruction by the court, while in the other the judge or commissioner must cause the property to be returned to the person from whom it was unlawfully taken. It is true that section 25 of the Prohibition Act, read in connection with section 1 of title 11 of the Act of June 15, 1917 (Espionage Act), vests the District Judge and United States commissioner for the district where the property is located with the power to issue search warrants and to vacate the same. This power under section 25 is, I think, limited to such issuance and vacation, and does not include the disposition or return by the commissioner of any liquor unlawfully seized or found to have been unlawfully possessed or used. That section specifically provides that, the "property so seized shall be subject to such disposition as the court may make thereof * * * and shall be destroyed, unless the court shall otherwise order." This enactment as to disposition or destruction by the court supersedes section 16 of title 11 of the Espionage Act, relating to the return of property by the judge or commissioner.

The case of Francis Drug Co. v. Potter (D. C.) 275 Fed. 615, is direct authority for this construction. There the question arose in a proceeding to punish the Prohibition Director for contempt in failing to obey an order of the United States commissioner to return liquor unlawfully seized. Judge Morton held that the commissioner did not have the power to order the return of the liquor, and he said:

"Both the Espionage Act and the Prohibition Act contemplate the possibility that property may be seized which ought not to have been seized. The Espionage Act gives the Commissioner who has issued the search warrant the power to cause such property 'to be restored to the person from whom it was taken.' The Prohibition Act provides that 'property so seized shall be subject to such disposition as the court may make thereof.' The latter is the later enactment, and refers specifically to property seized under the Pro-

hibition Act. As to such property it supersedes, I think, the broader provision of the Espionage Act."

It is, however, contended by the government that this court is without jurisdiction to pass upon the validity of a search warrant issued by a United States commissioner while the matter is still pending before him; that the authority to issue impliedly carries with it the equal authority with the court to make return of the property unlawfully seized. Reliance is placed upon U. S. v. Maresca (D. C.) 266 Fed. 713, to support this contention. In that case Judge Hough, who wrote the opinion, did not construe sections 2 and 25 of the Prohibition Act. He held that an order of a United States Commissioner, requiring the return of property unlawfully seized under a search warrant issued by him, is in effect a judgment of the District Court, from which the writ of error must be taken to the Circuit Court of Appeals, and that the District Court cannot set aside the order of the commissioner directing the return of the property.

There, however, the search warrant was issued under section 6364 of the U. S. Compiled Statutes, wherein it is substantially provided that the judges of the Circuit and District Courts and United States commissioners of Circuit Courts (now United States commissioners) may, within their respective jurisdictions, issue search warrants directed to any internal revenue officer to search premises upon which he has reason to believe that a fraud upon the revenue is being committed. The decision was also based upon the traditional and general practice that commissioners holding court have power to issue criminal process, including search warrants; that they are in fact a part of the District Court, and as the jurisdiction of both, in respect to issuing search warrants and the return of property, was equal, the District Court could not set aside an order of the commissioner for the return of property seized under his search warrant, any more than one District Judge may vacate an order entered by another. But in this case no equal power is conferred by the Prohibition Act. The power of disposal and destruction of liquor and property designed for the manufacture of liquor intended to be used in violation of the act is expressly given to the court, not to the commissioner whose duties are prescribed by special statute (U. S. v. Allred, 155 U. S. 594, 15 Sup. Ct. 231, 39 L. Ed. 273), and who, as has frequently been decided, is not a judge of a court, but simply an administrative officer thereof. Hence the principle of the Maresca Case, which, as pointed out, did not construe or pass upon section 25 of the Prohibition Act, is inapposite.

[2] That the petitioners had a permit to keep and sell intoxicating liquor for lawful purposes at their drug store is unquestioned in this proceeding. Therefore the possession of the liquor seized was not unlawful. The Commissioner of Internal Revenue is empowered by section 9 of the Prohibition Act to issue an order citing permittees to appear before him at a specified time and answer any complaint there may be with reference to their failure in good faith to conform to the provisions of the act, or to violation by them of the laws of any state relating to intoxicating liquor. The statute states that on the return of the citation, which shall be accompanied by a copy of the complaint,

a hearing must be held within the judicial district and within 50 miles of the place where the offense is alleged to have been committed, and if it is ascertained as a result of the hearing that the permittees were guilty of willfully violating the prohibition laws, or have failed in good faith to conform to its provisions, then the permit shall be revoked, and none shall be granted them within one year thereafter. The permittees in such case have the right of review before a court of equity, and during the pendency of the action the permit "shall be temporarily revoked."

It will be observed that the statute in plain and unambiguous terms prescribed the manner in which a permit to possess liquor by a permittee may be revoked. No proceedings to revoke have been begun against the petitioners. In the circumstances the possession by them of the intoxicating liquor seized by the prohibition agent was not unlawful and as to such liquor there was insufficient ground for issuing a search warrant or making a seizure of liquor thereunder. In Francis Drug Co. v. Potter, supra, the learned court decided, and I think the case was correctly decided, that liquor in the possession of the drug company under a permit to keep and sell the same for lawful purposes cannot lawfully be seized under a search warrant issued on an affidavit charging illegal sale on its premises; that a single sale did not afford ground for seizing the entire stock of liquor.

Inasmuch as all the facts relating to the unlawful seizure are uncontroverted, the custodian of the liquor must be required to return the same to the petitioners at their place of business, but not the revenue book or physicians' prescriptions, since section 25 is apparently limited to the disposition of the intoxicating liquor and containers, together with any property designed for the manufacture of liquor intended for use in violation of the act. The internal revenue book and physicians' prescriptions are not shown to have been "property designed for the manufacture of liquor" or articles related thereto.

It is not held herein that the petitioners cannot be proceeded against for violations under appropriate sections of the Prohibition Act, but this proceeding is separate and independent thereof. The prescriptions and book no doubt relate to the specific charge of selling intoxicating liquor for beverage purposes without a prescription. Hence their return at this time is not required.

Petitioners further contend that the officer or officers who executed the search warrant should be enjoined from testifying to facts and information obtained while conducting the unlawful seizure of liquor possessed under a permit, under the doctrine of Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319. But in that case the information upon which the charge was based was obtained through previous unconstitutional search and seizure. There is nothing shown to indicate that such were the facts here. However, the witness to support the specific charge may be cautioned not to give testimony based upon information acquired during the unlawful seizure of liquors. Any question as to the asserted unlawful seizure of prescriptions and internal revenue book is therefore reserved to the hearing.

The motion of the petitioners for the return of liquor seized, of which they were lawfully possessed under their permit, is granted.

Since writing the foregoing, Judge LEARNED HAND, with whom I communicated on the subject, has written me that the preferred rule in the Southern district, when the United States commissioner has vacated a search warrant, is to allow the owner of the liquor unlawfully seized a period of ten days to apply to the District Court for its return. For convenience and to secure uniformity of practice in this state, this rule will be adopted and applied in future cases in this district.