## UNITED STATES v. CASINO.

(District Court, S. D. New York. February 14, 1923.)

**I. Intoxicating liquors ⊂⇒248—Affidavit held not to warrant search for liquors.**

An affidavit that a truck loaded with whisky drove into defendant's garage was not enough to give the right forcibly to search the premises two days later; it not appearing that the garage was a private one, or that the liquor was removed from the truck.

**2. Intoxicating liquors ⊂⇒248—Assertion of ownership held not to cure defect in affidavit for search warrant.**

Where affidavit for search warrant only showed that a truck loaded with whisky drove into defendant's garage, and did not show that the liquor was retained there, or the truck unloaded, insufficiency of the affidavit and the right of the government officers to retain the liquor was not affected by defendant's assertion of ownership on motion that the liquors be returned, because seized in violation of defendant's constitutional rights.

**3. Intoxicating liquors ⊂⇒248—Affidavits must be self-sufficient.**

Affidavit for search warrant to seize liquors must contain allegations which, if true, show a self-subsisting ground for the issuance of the warrant, and it is not enough that on the hearing before the commissioner under Espionage Act, tit. XI, § 16 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 10496¼p), other grounds may appear, even though not on evidence extracted by the search itself, in view of section 5 (section 10496¼e).

**4. Criminal law ⊂⇒304(16)—Judicial notice taken of records in court.**

All proceedings before commissioner in respect to issuance of search warrant are in the District Court in a prosecution for unlawful possession of liquors seized, and the court may take judicial notice of them, without proof.

**5. Intoxicating liquors ⊂⇒256—Owner of property seized under search warrant has no summary remedy without statute.**

The owner of liquor unlawfully seized by officers under a search warrant has, without statute, no summary remedy for a return of his property.

**6. Intoxicating liquors ⊂⇒256—Remedy of owner of liquor unlawfully seized.**

The only summary remedy anywhere suggested to obtain the return of liquors unlawfully seized under search warrant is under National Prohibition Law, § 25, and Espionage Act, tit. XI, § 16 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 10496¼p), and owner of liquor seized must bring himself within one of these, or he must sue the officers for their trespass.

**7. Intoxicating liquors ⊂⇒253—District Court may correct action of commissioner in refusing to quash search warrant and seizure.**

Action of commissioner in denying a motion to quash a search warrant and return liquor seized under it is not the action of the federal District Court, and a motion may be made in such court to correct the action of the commissioner, and in a proper case the court may direct a return of the property, under National Prohibition Act, § 25, and certiorari is unnecessary, as on such motion the court is vested with the powers conferred on the commissioner by Espionage Act, tit. XI, §§ 15, 16 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 10496¼o, 10496¼p).

Prosecution by the United States against Tony Casino. On motion by defendant that all liquors seized by officers be returned. Liquor ordered returned.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This is a motion made upon affidavit and notice to the United States attorney for the Southern district of New York, praying that all liquors be returned to the petitioner which were taken by prohibition agents or other officers of the government in violation of his constitutional rights. It is made in a criminal proceeding begun by an information against the petitioner for violation of the Volstead Act (41 Stat. 305), by the illegal possession of liquors. The affidavits state that on April 17, 1922, a prohibition agent armed with a search warrant appeared at the petitioner's place of business and searched and carried away liquors found on the premises; that the petitioner believed the warrant was illegal, issued without probable cause, and that the liquor was illegally taken; that it was the purpose of the United States attorney to use the liquor as evidence against the petitioner in the trial of "this action," meaning the prosecution for violation of the Volstead Act, in which the motion was made. Neither the search warrant nor affidavits were annexed to the moving papers.

The United States attorney did not rest upon any insufficiency of the papers, nor, on the other hand, did he submit any answering affidavits. He made his case upon a submission of the search warrant itself, the affidavits on which it was granted, and the return. The only material allegations in these papers read as follows: "On April 15, 1922, at about 5 p. m., I [the federal prohibition agent] saw an automobile driven into a garage * * * over the entrance of which is a sign 'Casino & Co.' Said automobile contained several cases resembling whisky cases, the size and shape of which I am familiar with, and upon the outside of said cases in said automobile were the words 'whisky.' Said automobile was driven into the garage and disappeared from my view." This was sworn to, and the warrant was issued on April 17, 1922.

It was agreed upon the hearing that the commissioner, after a hearing under section 16 of title XI of the Espionage Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 10496¼p), had refused to quash the warrant and refused to return the liquor to the petitioner, who appeared before him, claiming the liquors as owner, just as he does now.

Edward W. McDonald, of New York City, for the motion.
Elmer H. Lemon, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1] The affidavit on which the warrant was granted did not allege that on April 17, 1922, the liquor was still in the garage, though the return and this motion both show that this was the fact. The question is, then, whether it was enough, to justify a search two days later, that a truck had gone into the petitioner's garage loaded with liquor. Had the agent seen the liquor unloaded from the truck, that would be some evidence of illegal possession by the owner of the garage. Had he waited, and the truck come out empty, that, too, would have been some evidence, or, if the whisky cases had borne any evidence of ownership by Casino, it would have been quite different. The affidavit shows none of these things. On the contrary, it only says that a truck loaded with whisky drove into the petitioner's garage, which for all that appears may have been doing business as a public garage. That, it seems to me, is not enough to give a right forcibly to search the premises two days later. It is equally consistent with a stop by the truck at the garage for repairs, oil, gas, air, or water, or even to pay a visit. It will not, therefore, serve as prima facie evidence that the liquors were illegally retained upon the premises when the warrant issued.

[2] The respondent argues that the petitioner's present assertion of ownership makes up any deficiency in the proof. So it does, but it

286 F.—62

cannot be used. If the petitioner had suffered a wrong, because his close has been violated and his chattels seized, it is not material that, to obtain redress, he is forced to disclose that he was guilty of a crime. Nor does it make any difference that the facts so disclosed, if known to and stated by the prohibition agents, would have made the search and seizure legal. The Constitution protects the guilty along with the innocent, for reasons deemed sufficient, into which I need not inquire. It means to prevent violent entries till evidence is obtained independently of the entries themselves, or of the admissions involved in seeking redress for the wrong done. Were it not so, all seizures would be legal which turned out successful.

[3] For a similar reason it is not material that the other evidence is absent, which was before the commissioner and which may have induced him to deny quashal of the warrant. While under section 16 he must decide after hearing whether on all the facts there were reasonable grounds for the warrant, that does not dispense with the necessity for allegations in the affidavits themselves, which, if true, show a self-subsisting ground for the issuance of the warrant. It is not enough that on the hearing other grounds may appear, even though not upon evidence extracted by the search itself. The showing for the issue must be enough to stand alone, and must be proved upon the hearing, if challenged. It will not do to abandon the "reasonable cause" first asserted, and support the search upon a new charge. In this respect the affidavits are like pleadings. Other corroborative evidence, no doubt, is admissible for the United States, but the original allegations must in the end be supported. Hence, if those allegations on their face be inadequate, the warrant can by no possibility be legal. The Constitution means, and section 5 of title XI of the Espionage Act (section 10496¼f) contemplates, that the grounds of issuance shall be disclosed at the time of issue. Hence, as it seems to me, the petitioner, however guilty in fact, was the subject of an illegal search, and is entitled to a return of the property seized.

[4] The remaining question is more difficult, and relates to the propriety of the procedure. This is a motion in the criminal proceedings themselves, barely asking for the return of the liquors upon allegations of legal conclusions alone. The only allegation of fact which can be culled from the affidavits is that the petitioner is the owner of the property seized. Perhaps the United States might have rested upon their obvious insufficiency as they stood, though it must be remembered that all the proceedings before the commissioner are in this court, and that I might take judicial notice of them, without proof. However that may be, the district attorney has submitted the warrant, affidavits, and return, and both sides agree that the commissioner has after a hearing denied a quashal of the warrant.

[5] It is clear that the owner of property unlawfully seized has without statute no summary remedy for a return of his property. U. S. v. Maresca (D. C.) 266 Fed. 713; In re Chin K. Shue (D. C.) 199 Fed. 282. He may have trespass, or, if there be no statute to the contrary, replevin; but, just as in our law no public officer has any official protection, so no individual has exceptional remedies for abuse of power

by such officers. We know no "administrative law" like that of the Civilians.

[6] The only summary remedy anywhere suggested is section 25 of the National Prohibition Law (41 Stat. 315) and section 16 of title XI of the Espionage Act. In some way the petitioner must bring himself within one of these, or he must sue the prohibition agents for their trespass. When the warrant is quashed, section 16 of title XI provides for the return of the property by the "judge or commissioner" who issued the warrant and directs the quashal; but section 25 of the National Prohibition Act gives the "disposition" of all such liquors into the hands of the "court." Doubts have therefore arisen (Francis Drug Co. v. Potter [D. C.] 275 Fed. 615; In re Alpern [D. C.] 280 Fed. 432) whether, when the warrant is quashed, application for a return should not be to the court, and that has been our practice in this district to avoid any question. Had the commissioner quashed the warrant, the petitioner's practice would have been unquestionably right, even if it be not necessary. Indeed, as there are cases when the liquor may be retained, though the warrant be improper (Vachina v. U. S. 283 Fed. 35 [C. C. A. 9th]; Lambert v. U. S., 282 Fed. 413 [C. C. A. 9th]; McBride v. U. S., 284 Fed. 416 [C. C. A. 5]; O'Connor v. U. S. [D. C.] 281 Fed. 396), the reason for such a practice is apparent.

The case at bar is, however, one where the commissioner has denied the relief accorded by the statute, and where, therefore, there can be no return except that decision be in some way reviewed, because the statute gives a remedy only under the conditions prescribed in sections 15 and 16 of title XI. There are indeed cases where apparently the inquiry under sections 15 and 16 of title XI was made by a judge, though the warrant was issued by a commissioner. Francis Drug Co. v. Potter, supra; In re Alpern, supra. A judge may make a warrant returnable before a commissioner (Grin v. Shine, 187 U. S. 181, 187, 23 Sup. Ct. 98, 47 L. Ed. 130), and there is no objection to the converse practice. However, the petitioner did not adopt that course; so that there is no escape in the case at bar from either denying any relief or reviewing the action of the commissioner.

It was held in this court, in United States v. Maresca, supra, that a commissioner sitting as magistrate to issue a search warrant, and later to hear the question of its legality, was sitting in the District Court, and that for that reason this court could not undertake a review of his action, but that the party aggrieved must proceed by writ of error. Being a prior decision of a judge sitting in this court, I should ordinarily follow it, except for the fact that the Supreme Court has decided that a commissioner sitting to issue warrants of arrest on preliminary hearing is not holding any court of the United States at all (Todd v. U. S., 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982), and there is certainly no distinction between his action in such a case and in issuing a search warrant. In United States v. Berry, 4 Fed. 779, the Circuit Court denied prohibition against a commissioner for the reason that he was not holding an inferior court, but was acting in a ministerial capacity, and held that, as he was an officer of the court, his conduct could at any time be taken over and reviewed by the court of

which he was an officer. This was done in that case, though the commissioner's action was affirmed. The District Courts following Todd v. U. S., supra, have several times said obiter that a commissioner was not holding a court of the United States (U. S. v. Beavers [D. C.] 125 Fed. 778, 780; U. S. v. Tom Wah [D. C.] 160 Fed. 207, 208; U. S. v. Jones [D. C.] 230 Fed. 262, 264; The Mary [D..C.] 233 Fed. 121, 124, and in U. S. v. Schwartz [D. C.] 249 Fed. 755), the decision depended upon it.

In U. S. v. Allred, 155 U. S. 591, 15 Sup. Ct. 231, 39 L. Ed. 273, while it is true the case did not turn upon any review of the execution by commissioners of their power to arrest or issue warrants, the question was up of the power of the court to direct incidents of their administration, and the language in 155 U. S. on page 595, 15 Sup. Ct. 233 (39 L. Ed. 273), appears to me to have been used generally. Although in Grin v. Shine, 187 U. S. 187, 23 Sup. Ct. 98, 47 L. Ed. 130, the function of a commissioner in holding a defendant to bail was said to be judicial, yet when that question came up for decision in Ocampo v. U. S., 234 U. S. 91, 100, 34 Sup. Ct. 712, 58 L. Ed. 1231, the Supreme Court held that it might be intrusted to a prosecuting attorney upon the ground that it was not "judicial in the proper sense," and need not "necessarily be confided to a strictly judicial officer or tribunal." This view is not altogether novel. Bishop's New Crim. Proc. § 237. If "ministerial," or only "quasi judicial," there seems to me no question that its review can at any time be taken over by the court of which the commissioner is an officer.

Finally, in Collins v. Miller, 252 U. S. 364, 369, 40 Sup. Ct. 347, 64 L. Ed. 616, the Supreme Court assumed arguendo that a District Judge might at any time review arrest proceedings taking place before a United States commissioner, under the court's authority to assume control in the preliminary stages of matters of which it has the final decision under the law, and cited with approval U. S. v. Berry, supra. It is true that this declaration was obiter, but for all that I should not disregard it, following as it does Todd v. U. S., supra.

It might, indeed, be argued that in the trial of the information this court was not finally deciding a question of which the seizure was a preliminary stage; but I think not. The liquors in the first place are evidence of the crime charged, and merely on that narrow ground this is a matter preliminary to the trial and within the rule of In re Silverthorne Lumber Co., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319. But this is not the substance of the thing. A seizure like this might, it is true, be preliminary only to a libel of information in rem to forfeit; but such a libel is in no sense necessary, because section 26 of the National Prohibition Act provides that, upon conviction, the court shall destroy or forfeit the liquor seized. The information has a double capacity, to punish the defendant and to forfeit the corpus delicti. Thus, precisely as the arrest of the person is a preliminary stage to the determination of his guilt by the district court, so the seizure of the liquor on search warrant is a preliminary stage to its destruction after conviction. It is true that under section 25 the liquor may also be destroyed after hearing on the search warrant. But that makes no dif-

ference either. So viewed, the search and seizure are analogous to a summary libel of information in rem to forfeit. For the reasons already given that must conclude by an order of the "court." Therefore in every possible aspect the seizure is a "preliminary stage" to an inquiry which the court must eventually determine. As such, it is within the language of Collins v. Miller, supra.

[7] I feel, therefore, bound to hold that the action of the commissioner was not the action of the District Court, and that a motion may be made in that court to correct it, upon which, if the court comes to a different conclusion, it should itself quash the warrant, and in a proper case direct a return of the property under section 25 of the National Prohibition Act. It is clear that certiorari, assuming that this court has power in a proper case to issue that writ (Angelus v. Sullivan, 246 Fed. 54, 63, 66, 67, 158 C. C. A. 280; U. S. ex rel. Roman v. Rauch [D. C.] 253 Fed. 814), is not necessary, and indeed, if the action of the commissioner be not judicial, the common-law writ, which is all that could go in any event, would be improper.

What, then, should be the proper practice? As the district attorney represented the United States or the prohibition agents before the commissioner, and as this is not a writ issued to another tribunal, but only a motion to review the action of a subordinate officer of the District Court, there is no occasion to do more than move for a correction of his order on notice to the district attorney. The court might, as suggested above, sua sponte take notice of the record made before the commissioner, or require the respondent on the motion to produce it. On such a motion the court is vested with the powers conferred on the commissioner by sections 15 and 16 of title XI of the Espionage Act. Thus the situation in Re Chin K. Shue, supra, does not arise.

Therefore I conclude that the warrant should have been quashed and the liquor returned. An order may pass, quashing the warrant and directing the liquor to be returned to the petitioner. Whoever holds the liquors at the present time is subject to the order of this court under section 25. The order will primarily go against the prohibition agent making the seizure; if he has delivered the goods to some other official, the order will direct the latter to make the return.

In view of the doubt concerning the proper practice in such cases, I hope that the United States will endeavor to review my decision. In that event a stay will be granted, for if I am wrong a bond will not secure the United States, which is entitled to a destruction of the liquors. It is of consequence that the Circuit Court of Appeals should authoritatively establish the procedure to be followed in this district, where the matter is likely to arise frequently.

Settle order on notice.