### FRIEDMAN v. YELLOWLEY et al.

(District Court, E. D. New York. May 10, 1923.)

1. **Intoxicating liquors ⬳246—Liquor in possession of permit holder not subject to seizure.**

Possession of liquor by a druggist, holding a permit to keep and sell the same for lawful purposes is not unlawful, and such liquor is not subject to seizure because of a charge of unlawful sale.

2. **Intoxicating liquors ⬳256—Suit in equity may be maintained for return of liquor unlawfully seized without a search warrant.**

Under National Prohibition Act, tit. 2, § 28, giving to prohibition officers and agents all the protection conferred by law for the enforcement of existing laws relating to manufacture and sale of liquor, which includes Rev. St. § 934 (Comp. St. § 1560), replevin will not lie for the recovery of liquor unlawfully seized by prohibition agents without a search warrant, and a suit in equity may be maintained to compel its return.

In Equity. Suit by Nathan Friedman against Edward C. Yellowley, Acting Prohibition Director, and others. Decree for complainant.

Meyer Kraushaar, of New York City, for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City, for defendants.

CAMPBELL, District Judge. This is an action in equity, and the plaintiff in his complaint prays for judgment that the defendant shall forthwith restore and return to the plaintiff, at his place of business, nine cases of goods therein described. The goods in question consist of cases of pints of whisky.

The plaintiff was a retail druggist and the holder of a permit to dispense liquor on prescription under the National Prohibition Act (41 Stat. 305). The plaintiff had also received authority to purchase liquor in an amount greater than the quantity seized. On the day before the seizure a police officer arrested a man who had two cases of whisky on a truck outside of plaintiff's store; but this action could not be imputed to plaintiff, nor could he be charged with a crime by reason thereof.

On the day of the seizure Edward Ward, a prohibition officer, went to plaintiff's said place of business and remained there for an hour and a half, waiting for the plaintiff to return. No violation of law took place at that store in the presence of said Ward, but, the plaintiff not having returned, said Ward seized the nine cases of whisky, under

orders from his immediate superior, the defendant Joseph Greene, and they were taken to the Army Base in Brooklyn.

[1] No search warrant was obtained, nor could one have been legally issued, and a seizure made thereunder, where a permit had been legally issued and the goods were in the possession of the permittee. Francis Drug Co. v. Potter (D. C.) 275 Fed. 615; In re Alpern (D. C.) 280 Fed. 432.

[2] Defendants contend that, no search warrant having been issued, the court is without power to grant the judgment prayed for, and that plaintiff should proceed by an action in replevin. They quote section 934 of the Revised Statutes (Comp. St. § 1560), which reads as follows:

"All property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof,"

as the only prohibition against the right to bring an action in replevin in the case of seizures without a search warrant, and cite Heaton v. U. S. (C. C. A.) 280 Fed. 697, Commonwealth v. Bogan (D. C.) 285 Fed. 668, and Lipke v. Lederer, 259 U. S. 557, 42 Sup. Ct. 549, 66 L. Ed. 1061, to show that the National Prohibition Act is not a revenue act, and that prohibition officers are not government officers, and therefore claim that, plaintiff not being prevented by the provisions of section 934 of the Revised Statutes, supra, he had the right to bring an action in replevin, which was a complete remedy at law, and is not entitled to equitable relief.

I do not agree with the defendants' contention because I think they have entirely overlooked section 28 of the National Prohibition Act, which reads as follows:

"The commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States,"

and extends to the defendants the protection of the laws enumerated. which are in all instances revenue laws, and thereby gives to them the protection from actions in replevin and compels the person aggrieved to sue on the equity side of the court. The situation created by the defendants' claim that the court may grant equitable relief if the goods are taken by a prohibition officer on a search warrant, but that it may not grant equitable relief if the same officer, who is in any event one described in said section as "other person" seized the property without a search warrant, is certainly extremely technical, and should not be held sufficient to bar relief to the plaintiff in this action, unless some substantial right should be lost to the defendants thereby.

The defendants are not deprived of any substantial right by granting the relief prayed for in this action, because, even if replevin was the proper form of action for plaintiff to bring, which I do not believe, then on the evidence produced before the court on the trial of this

action, if given in that action, the plaintiff would be entitled to judgment, because it has been shown that he was the owner and in possession of the property taken, and had the necessary permits for possessing the same, and that the same were not taken by virtue of a warrant against the plaintiff for the collection of a tax, assessment, or fine issued in pursuance of a statute of the state or the United States, and that it was not taken by virtue of an execution or warrant of attachment against the property of the plaintiff, and that the goods were taken by said Ward, a prohibition officer, and delivered under orders of his superiors to a government storehouse, and are now under control of officers or employees of the United States.

The question is not whether replevin would lie as against Ward, but whether it would lie as against those now in possession of the goods, and I am of the opinion it would not. The taking of these goods was unlawful, and plaintiff is entitled to have the same returned to him at once; but the loss and trouble which plaintiff has suffered has been in a great measure due to the refusal of his brother, who was in charge of the store in the plaintiff's absence, to give truthful answers to the questions which the agent, Ward, properly put to him at the time of seizure.

Defendants contend that the plaintiff has no claim in equity, because he had been charged with violating the law. This is not so, because no charge of violating the law had been made against the plaintiff, nor is there any evidence to show that the law had been violated in his store before the seizure.

Judgment is therefore granted to plaintiff against the defendants as prayed for in the complaint, but without costs.