### CABITT v. POTTER.

(District Court, D. Massachusetts. October 31, 1923.)

No. 2507.

1. **Arrest ⬅63(3)—Intoxicating liquors ⬅249—Arrest of person making illegal sale, and search of premises without warrant, held lawful.**

The arrest of a person, on his making an illegal sale of liquor to a prohibition agent in a store, and a search of the premises and seizure of liquor there found, without a warrant, *held* legal.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Intoxicating liquors 255—Druggist permittee held not entitled to return of liquor seized.**

A druggist permittee, from whose store a stock of liquor was seized, though without a warrant, where there was evidence which satisfied the court that the liquor was kept for unlawful sale, including evidence of five sales by a clerk to prohibition agents, for which on the last occasion he was arrested, is not entitled to the return of the liquor.

At Law. Petition of Harry Cabitt against Elmer C. Potter for return of liquor. Denied.

John F. Myron, of Boston, Mass., for plaintiff.

Wm. J. White, Jr., Sp. Asst. U. S. Atty., of Lowell, Mass., for defendant.

LOWELL, District Judge. The petitioner did business as a druggist at 109 Green street, Boston, under the name of the "Canning Pharmacy." He had a druggist's permit under the National Prohibition Act (41 Stat. 305). On August 23, 24, and 25, 1923, prohibition agents went to the store, and, on asking for a pair of shoes, were given on each occasion a pint of whisky, for which they paid $5.50. Five pints in all were thus purchased. Each bottle had on it a label, with the name of a person and the name of a physician as prescribing the liquor. On August 25th, after the last sale, an employee named Kaplan, who had sold the liquor, was placed under arrest without a warrant. The store was searched, and a quantity of liquor was seized. There was no search warrant. Cabitt testified that he did not know anything about illegal sales at the place, but his credibility as a witness did not impress me. Kaplan was arrested, pleaded nolo, and was fined $100. A proceeding to revoke the permit is now pending.

[1] This petition is brought for the return of the liquor. The petitioner contends that the arrest was illegal, or that at any rate the search was illegal, and that therefore the liquor should be returned to the petitioner. There can be no question that the arrest of Kaplan was legal. He had committed a criminal offense in the presence of the arresting officer. U. S. v. Borkowski (D. C.) 268 Fed. 408; 1 Zoline, Fed. Criminal Law and Procedure, § 18.

At the time of the arrest the premises were searched for liquor used in the illegal sales. This action of the arresting officer was lawful. 1 Bishop, Criminal Procedure (4th Ed.) § 211; Weeks v. U. S., 232 U. S. 383, 392, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; U. S. v. Welsh (D. C.) 247 Fed. 239; Id. (C. C. A.) 267 Fed. 819; U. S. v. Murphy (D. C.) 264 Fed. 842; U. S. v. Snyder (D. C.) 278 Fed. 650.

[2] As to the search, the petitioner relies on Francis Drug Co. v. Potter (D. C.) 275 Fed. 615, In re Alpern (D. C.) 280 Fed. 432, and Friedman v. Yellowley (D. C.) 290 Fed. 248. In the first case a search warrant was issued on the evidence of one sale, and Judge Morton says:

"I do not think the mere fact of an illegal sale on the drug company's premises sufficient to warrant a finding that its stock of liquor was being held for illegal purposes." 275 Fed. 615, 617.

The other two cases followed the one quoted from. In the Alpern Case it does not appear how many sales there had been. The court held that a search warrant for liquor held by a druggist, granted on the ground of illegal sale, was void, and says that Judge Morton correctly decided the case of Francis Drug Co. v. Potter, on the ground that "a single sale did not afford ground for seizing the entire stock of liquor." 280 Fed. 432, 436. The last case cited was one where the stock of a druggist was seized without the evidence of any sales. In none of these cases was there an arrest of a person committing an offense in the presence of the officer.

In the present case there was evidence which satisfied me that the stock of liquor was intended to be used, and was being used, for illegal sales. Many cases were cited to me by the petitioner, besides those already referred to. Some of them were cases of illegal searches in dwelling houses. These authorities seem to me not in point, as the Volstead Act is careful to protect a man's dwelling house from illegal search, and the only way of securing that protection is to order the return of liquor seized on an illegal search. The following cases in the United States Supreme Court were also cited: Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341. 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

These cases were all decided without any reference to the National Prohibition Act, and they were all cases where the only question argued before the court was the right to use in a criminal prosecution evidence which had been illegally secured. It is apparent that the Supreme Court cases cited are not in point.

The petitioner requested the following rulings:

"First. That on all the evidence in the case the court rules as a matter of law that the whisky and other property seized were lawfully acquired, possessed, and used by the petitioner.

"Second. The court rules as a matter of law that the whisky and other property was seized without a search warrant.

"Third. The court rules as a matter of law that the whisky and other property seized was unlawfully taken from the possession of the petitioner without a search warrant and must be returned to him.

"Fourth. The court rules as a matter of law that a permit was legally issued to the petitioner, and the whisky and other property seized were lawfully in the petitioner's possession at the time of said seizure without a warrant.

"Fifth. The court rules as a matter of law that the whisky and other property seized as aforesaid is not contraband.

"Sixth. The court rules as a matter of law that the whisky and other property aforesaid were lawfully in the possession of the petitioner at the time of said seizure and that the seizure of said whisky and other property without a warrant was unlawful.

"Seventh. That the court rules as a matter of law that the whisky and other property seized without a warrant was in violation of the fourth amendment to the Constitution.

"Eighth. That the court rules as a matter of law that the whisky and other property seized without a warrant was unlawful and illegally seized, and that it was an unreasonable search and seizure within the meaning of the Fourth Amendment to the Constitution.

"Ninth. That the court rules as a matter of law that the whisky and other property seized as aforesaid was illegally and unlawfully seized in violation of the constitutional rights of the petitioner, and having been so seized should be restored to the petitioner.

"Tenth. It appearing that the petitioner had a permit issued to him legally under the National Prohibition Act, so called, to keep, possess, and dispense intoxicating liquors according to the said act at the time of the said seizure, and that the petitioner did not violate any law, and that no criminal complaint was made against the petitioner, and that he was not arrested at the time of said seizure or at any other time, that the court rules as a matter of law that the seizure of the petitioner's whisky and other property without a warrant was a violation of the petitioner's right under the Fourth Amendment to the Constitution.

"Eleventh. If the court should find that the seizure was unlawful, the petitioner is entitled to have the whisky and other property returned to him as a matter of law.

"Twelfth. The court rules as a matter of law that said search and seizure without a warrant was unlawful and in violation of the constitutional rights of the petitioner, and that on all the evidence the petitioner is entitled to a restoration of the property seized.

"Thirteenth. The court rules as a matter of law that upon all the evidence and pleadings in the case that the petitioner is being deprived of his property seized as aforesaid in violation of the petitioner's constitutional rights; therefore he is entitled to a restoration of the property seized."

The second request for ruling is as follows:

"The court rules as a matter of law that the whisky and other property was seized without a search warrant."

I find the fact as requested, not as a matter of law, but as a matter of fact.

The fourth request was:

"The court rules as a matter of law that a permit was legally issued to the petitioner, and the whisky and other property seized were lawfully in the petitioner's possession at the time of said seizure without a warrant."

As to this request, I find that the petitioner did have a permit, but that the whisky and other liquor seized was held by him for the purpose of illegal sales, and therefore was not legally in his possession.

The seventh and eighth requests set forth that the seizure was in violation of the Fourth Amendment to the Constitution. I rule on this that the Fourth Amendment to the Constitution does not prohibit the arrest of a person committing an offense in the presence of the arresting officer, and the search of his person and premises and seizure of any articles used in committing the offense. See the cases already cited.

I refuse all the other requests, which need not be referred to specifically.

For the reason that the liquor was being used for the purpose of illegal sale, I deny the petition for return. The government in its answer prays that the liquor may be declared forfeited to the United States of America. For the reason that it was being illegally used, I grant this prayer.