## UNITED STATES v. MATHES et al.

(District Court, S. D. Florida. October 7, 1924.)

Nos. 679-682, 2406.

Intoxicating liquors ☞253—Searches and seizures ☞3—Procedure for review of ruling of commissioner on motion to quash search warrant.

Search warrant proceedings before a commissioner, under Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), or National Prohibition Act. tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), are not in the District Court, and it is not proper procedure for that court on motion to order the commissioner to certify up his record for a review of his ruling on a motion to quash a search warrant.

Proceeding by the United States against H. E. Mathes and others, with four other cases. On motions by defendants for orders requiring a commissioner to certify his rulings on motions to quash search warrants for review. Motions denied.

Maynard Ramsey, Asst. U. S. Dist. Atty., of Jacksonville, Fla., for the United States.

Bart A. Riley, of Miami, Fla., for defendants.

CALL, District Judge. In these causes it is sought to have the cases certified by the

United States commissioner to the District Judge, to have his ruling upon the motions to quash the search warrants reviewed and revised by this court. While Judge Hand, in U. S. v. Casino, 286 F. 976, holds that the District Judge has power to do this, apparently, I am not satisfied to follow that decision. Circuit Judge Hough, sitting in the District Court in the case of U. S. v. Maresca et al., 266 F. 713, had the question of procedure before him, and reached a conclusion contrary to that reached by Judge Hand, and I am more impressed by Judge Hough's discussion of the question.

The motions for an order requiring the commissioner to certify his action on the motion to quash will therefore be denied in each of these cases. It seems to me that the procedure in matters where the defendant desires the court to decide whether seized property should be returned, or the evidence obtained by unlawful searches or seizures should be suppressed, is pointed out by the decisions of the Supreme Court.

Section 17, title 11 (40 U. S. Stats. at Large, p. 230), of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), which is looked to by the defendants to support their contention, has no application to the question raised on this motion. The validity of the search warrants is not considered.