### UNITED STATES v. LAUSTER.

### SAME v. DRAKE.

District Court, W. D. New York. March 28, 1927.

Intoxicating liquors ⟻247—Druggist's permit does not protect from search and seizure in case of unlawful sales (Const. Amend. 4; National Prohibition Act [27 USCA § 16]).

That the holder of a druggist's permit to possess and sell whisky for medicinal purposes, under National Prohibition Act, tit. 2, § 6 (27 USCA § 16 [Comp. St. § 10138½c]), sold liquor to a casual purchaser without a prescription, *held* probable cause, within Const. Amend. 4, for issuance of a search warrant, and to justify seizure thereunder of all liquors in his possession, though bought and held under the permit.

Criminal prosecutions by the United States against Gustave Lauster and against Hovey H. Drake. On motions to quash search warrants, suppress evidence, and return seized liquors. Denied.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y.

McGovern & Erb, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. Defendants Lauster and Drake conduct separate drug stores at Elmira, and each was holder of a permit to possess and sell whisky for medicinal purposes, pursuant to section 6, title 2, of the National Prohibition Act (27 USCA § 16 [Comp. St. § 10138½c]). On affidavit of one Erway that he purchased of defendant Lauster, without a prescription, a six-ounce bottle of pure alcohol, a warrant was issued authorizing a search of his drug store and seizure of intoxicating liquors. His entire stock of rye whisky, possessed under his permit, was seized, but no pure alcohol was found. The intoxicating liquor sold by defendant Drake consisted of three four-ounce bottles of synthetic whisky, or colored distilled spirits flavored with cherry. He had withdrawn, in two years, one case, on his permit, consisting of 24 pint bottles, of whisky, and no sales thereof had been made when the search warrant was executed.

Defendants urge that the warrants were granted in violation of the Fourth Amendment of the Constitution, namely, without probable cause, and under the decision of this court, announced in Re Alpern, 280 F. 435, the intoxicating liquor in question was not seizable. In that case, it was ruled, on the authority of Francis Drug Co. v. Potter (D. C.) 275 F. 615, that possession of an entire stock of intoxicating liquor at a drug store for purpose of sale on prescriptions was not subject to seizure, even though there was a single unlawful sale, on the ground that the remedy in such case was provided by section 9 of title 2 (27 USCA § 21 [Comp. St. § 10138½dd]), for revocation of the permit.

But these decisions, the government contends, have been superseded by Dumbra v. U. S., 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032. In that case petitioner operated a winery under a permit to possess and sell wine for nonbeverage purposes; the search warrant issued on affidavit of a prohibition agent that at petitioner's grocery store, adjoining his winery, he bought two gallons of wine, which had been obtained from petitioner's son, who was seen to walk in the direc-

tion of the adjoining winery, and on his return wine was sold, the agent paying petitioner's wife. Later the agent again bought wine of petitioner's son under similar circumstances, the son going to the winery and asking the agent to wait outside. The Supreme Court ruled that probable cause existed for believing that intoxicating liquor was sold on the premises in violation of law, and that the premises were subject to search, even though, under section 9 of title 2 of the National Prohibition Act, temporary suspension, pending proceedings for revocation of the permit, was authorized. The permit, the Supreme Court held, did not authorize the possession of intoxicating liquor for beverage purposes, and no protection was afforded to one who possessed such liquors with intent to use them in violation of law.

The principle of the cited case applies to the elicited facts under which the search warrants were issued in the instant cases. No suggestion is contained in the opinion of the court that more than one sale was necessary. It was enough that a sale to a casual purchaser had been made, from which the inference was not unwarranted that the defendants at their drug stores had made unlawful sales in violation of their permits. Indeed, the sale by Drake of synthetic whisky, without drawing upon the permitted supply, is strongly corroborative of this inference. Reid v. U. S. (C. C. A.) 276 F. 253; Steckler v. U. S. (C. C. A.) 7 F.(2d) 59; Dumbra v. U. S., supra.

It must therefore be ruled herein that probable cause existed for the issuance of the search warrants. The motion to quash the warrants is denied.