## UNITED STATES v. FAUST et al.

No. 1222–Cr.

Third Division.

Feb. 20, 1931.

W. N. Cuddy, U. S. Atty., of Anchorage, and L. M. Sullivan, Asst. U. S. Atty., of Cordova, for the United States.

Foster & Ellis, of Juneau, for defendant.

HILL, District Judge.

Filed in this court under the above title and called for hearing by the attorneys for Fred Faust and Vera Faust is a proceeding denominated "Motion for suppression and return of evidence." That motion is based upon two affidavits of Fred Faust setting forth that certain described articles were taken from his possession by H. G. Cloes, deputy United States marshal; facts to show that such taking was illegal; that thereafter said H. G. Cloes filed a complaint before the United States commissioner at

Cordova, Alaska, charging affiant and his wife with violation of the National Prohibition Act (27 U.S.C.A.); that it is affiant's belief that either Cloes or the United States attorney intend using the seized articles "in some manner" as evidence against affiant; and that affiant believes H. G. Cloes has said articles in his possession.

The United States attorney filed an objection to the hearing of the motion on the ground that there is pending in this court no such action as the title to the motion indicates. The defendants offered no proofs except the affidavits above referred to. The United States attorney offered no proofs. No information or indictment has been filed in this court against Fred Faust and Vera Faust or either of them. Other than the motion, affidavits, objection referred to above, and papers incident thereto, there is nothing in the files of this court to indicate that both or either of the Fausts have been bound over to the grand jury. I gather from the statements of counsel a vague impression that the Fausts are awaiting preliminary hearing on the charge made by Cloes, and that the hearing has been postponed pending decision in this court of their motion to suppress evidence.

█ If at this stage of the proceedings upon this form of application I have jurisdiction of this matter at all, I have jurisdiction to refuse to consider this motion now, without prejudice to its renewal at a later and proper stage. Panzich v. U. S. (C.C.A.) 285 F. 871, certiorari denied 262 U.S. 749, 43 S.Ct. 524, 67 L.Ed. 1213. If I have no jurisdiction, the application for the motion must fail. As to my jurisdiction, authorities differ. Bearing on this question are the following decisions: U. S. v. Maresca (D.C.) 266 F. 713; U. S. v. Kaplan (D.C.) 286 F. 963; U. S. v. Jensen (D.C.) 291 F. 668; U. S. v. Casino (D.C.) 286 F. 976; In re Alpern (D.C.) 280 F. 432; U. S. v. Mathes (D.C.) 1 F.(2d) 935; Gardner v. U. S. (C.C.A.) 13 F.(2d) 851; Herter v. U. S. (C.C.A.) 33 F.(2d) 400; Herter v. U. S. (C.C.A.) 33 F.(2d)

402, 65 A.L.R. 1240; Applybe v. U. S. (C.C.A.) 32 F. (2d) 873; Cogen v. U. S., 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Todd v. U. S., 158 U.S. 278, 15 S.Ct. 889, 39 L.Ed. 982; also Bishop's New Crim.Procedure (4th Ed.) § 239.

█ Practically, taking the view I do, it makes no difference upon which horn of the dilemma the Fausts are impaled. Without minimizing or overlooking the argument of their counsel addressed to their sacred right to have this crucial question passed on at the earliest possible moment, it seems to me the practice employed here will lead to evils greater than those so vigorously urged upon me. Therefore the order of the court will be that the motion presented be denied, without prejudice to its renewal at the proper time.