## In re FILM AND PICTORIAL REPRESENTATION OF DEMPSEY–TUNNEY FIGHT.

District Court, N. D. Georgia. November 18, 1927.

No. 989.

1. **Criminal law** ⊜⊐207(1)—**District Court has general control over criminal prosecution in progress before it, including power to reach forward to control preliminary proceedings.**

District Court has general control over criminal prosecution in progress before it, including power to reach forward to control preliminary proceedings relating to such prosecution.

2. **United States commissioners** ⊜⊐4—**District Court has inherent power to control its officers, including commissioners, for protection of person treated oppressively, by issuing summary rule.**

District Court has independent and inherent power to control its own officers, including its

commissioners, for protection of any person, whether party to prosecution or not, who is treated oppressively or unlawfully by officers, by issuance of summary rule, in addition to ordinary redress by plenary suit for trespass or the like.

**3. Courts ⚌264(2)—Summary rule, based on power of courts to control misconduct in their officers, is discretionary.**

A summary rule, based on inherent power of courts to control misconduct in their officers, is not remedy of right, but is discretionary with court, to be granted or withheld as circumstances may warrant.

**4. Searches and seizures ⚌3(10)—Certiorari is not available to review findings of United States commissioner issuing search warrant; "court of United States;" "judicial officer."**

Certiorari is not available to review findings of United States commissioner issuing search warrant, because commissioner's court is not "court of United States," and he is not "judicial officer" of United States, although his functions are often quasi judicial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Courts of the United States; Judicial Officer.]

**5. Judgment ⚌547—Judgments of United States commissioners are not "judicial decrees," in sense that they are conclusive, where same matter is again agitated in proper court.**

Judgments of United States commissioners are not "judicial decrees," in sense that they are conclusive, where same matter is again agitated in proper court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judicial Decree.]

**6. Searches and seizures ⚌3(10)—District Court cannot review, as appellate tribunal, rulings made by commissioner issuing search warrant (18 USCA § 627).**

Under 18 USCA § 627, relating to search warrants, providing for transmittal of papers, including evidence reduced to writing, to court having jurisdiction of offense involved, but having no provision for appeal or review of commissioner's findings, District Court has no authority to review, as an appellate tribunal, rulings made by commissioner issuing search warrant.

**7. Searches and seizures ⚌3(10)—Petition praying that search warrant be quashed and property seized returned, rule nisi having been issued to district attorney, should be treated as summary rule against district attorney, requiring him to surrender property improperly seized, reviewable at once.**

Petition praying, among other things, that search warrant be quashed and property seized returned, on which rule nisi was issued to district attorney to show cause why its prayers should not be granted, may and should be treated as in nature of summary rule against district attorney to require him to surrender property improperly seized for his use as such, reviewable at once.

**8. Searches and seizures ⚌3(10)—Evidence showed probable cause for detaining fight films, seized for use as evidence in prosecution for conspiracy to send films into state for public exhibition (18 USCA § 405).**

Evidence *held* to show probable cause to believe that fight films seized under search warrant were used as instrument of felony of conspiracy to send them into Georgia from another state for public exhibition, in violation of 18 USCA § 405, justifying district attorney's, detaining same for use as evidence in prosecution to be instituted.

In Rem. Petition by one Hicks and another praying, among other things, that search warrant be quashed and fight films seized returned. A rule nisi was taken against the United States District Attorney. Seizure sustained.

Branch & Howard, of Atlanta, Ga., for movant.

Clint W. Hager, U. S. Atty., of Atlanta, Ga., for defendants.

SIBLEY, District Judge. A search warrant was issued by a commissioner of this court for the seizure, at the Metropolitan Theater, of certain moving picture films publicly exhibited there of the Dempsey-Tunney prize fight, on the ground that there was probable cause to believe that the films has been used as a means of committing a felony by being sent into Georgia from another state, pursuant to a conspiracy to violate United States Code, title 18, § 405 (18 USCA § 405), engaged in by one Hicks, one McCullough, and others unknown. After the films were seized, Hicks obtained in this court a rule against the United States marshal who made the seizure, claiming that he acted unlawfully, and that there was no probable cause for issuing the warrant, and especially in that some of the facts stated in the affidavits on which the warrant issued were untrue.

Following the decision made in a similar case of Atlanta Enterprises, Inc., v. Crawford, Marshal, and Hager, District Attorney, 22 F.(2d) 834, recently decided, this court overruled the objection that it was without jurisdiction to entertain the rule against its marshal, and held that it had power thus summarily to check him, if he was acting oppressively or without warrant of law. But on examination into the matter it appeared that the warrant was regular on its face, was regularly executed, and that the real purpose was to controvert the truth of the affidavits on which it issued. It was thereupon held that relief by rule was not of right, but discretionary; that the statutory remedy before

the commissioner, prescribed by United States Code, Title 18, §§ 625, 626, and 627 (18 USCA §§ 625–627), was applicable and adequate, and preferable, in that, under it those procuring the warrant would be parties and could be further heard, whereas the marshal alone was a party to the rule. Declining to burden itself with the hearing, this court dismissed the rule, without prejudice to a hearing before the commissioner. Thereupon a statutory hearing before the commissioner was had. The evidence was reduced to writing, and judgment made sustaining the seizure, and all the papers remitted to the clerk of this court as being the court having jurisdiction of the alleged offense.

Hicks and the Metropolitan Company, alleging themselves to be the owners and entitled to the custody and use of the films, filed a petition with the court, setting up the hearing before the commissioner and the contention that various errors were committed by the commissioner, and especially that no probable cause was shown for the issuance of the warrant. They claim that their property is being taken without due process of law, and in violation of their right to be secure against unreasonable seizure thereof, and pray for a review of the proceeding, the quashing of the warrant, and the restoration of their property. A rule nisi was taken against the United States district attorney alone, who appeared and defended the matter, making first a motion to dismiss the petition.

[1-3] Many decisions of the federal courts have been read, expressing various views of the relation of the United States commissioners to the District Courts in search warrant proceedings, as to the possibility and mode of review of their actions, and the power and duty of the court to act independently touching an illegal arrest of person or seizure of property. I believe the views expressed by this court in the opinion in the Case of Atlanta Enterprises, Inc., supra, are sound, and they are adhered to. There are three sources of power in the District Court: First, the provisions of the search warrant statute; second, its general control over a criminal prosecution in progress before it, including the power to reach forward to control preliminary proceedings relating to such prosecution, referred to in Collins v. Miller, 252 U. S. at page 369, 40 S. Ct. 347, 64 L. Ed. 616; thirdly, the independent and inherent power to control its own officers, including its commissioners, for the protection of any person whether a party to the prosecution or not, who is treated oppressively or unlawfully by the officers, by the issuance of a summary rule, in addition to the ordinary redress by plenary suit for trespass or the like. A summary rule, as already decided in this controversy, based on the inherent power of courts to control misconduct in their officers, is nevertheless not a remedy of right, but discretionary with the court, to be granted or withheld as circumstances may warrant.

[4-6] One of the prayers of the present petition is for a review of the conduct of the commissioner in his hearing, his rulings touching the burden of proof and the competency of evidence being set forth, as well as his final decision. While the search warrant statute (Code, title 18, § 627 [18 USCA § 627]) provides for the transmittal of the papers, including the evidence reduced to writing, to the court having jurisdiction of the offense involved, for its information in any motion, rule, or other proceeding that may arise before it, there is no provision for an appeal or other review of the commissioner's findings. The summary remedy before the officer, whether state or federal, who issues the warrant, is to remain summary, without protraction by review. Certiorari is not available to review it, because the commissioner's court is not a court of the United States, nor is he a judicial officer of the United States, though his functions are often quasi judicial. Todd v. United States, 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982. His judgments are not judicial decrees, in the sense that they are conclusive, where the same matter is again agitated in a proper court. No authority is perceived to review as an appellate tribunal the rulings made by a commissioner.

[7] The petition does not purport to be a motion in a criminal case, under the second head of power. It is entitled "In re Film of Dempsey-Tunney Fight," and docketed as an in rem proceeding; yet a rule nisi on it was issued to the district attorney, and to him only, to show cause why its prayers should not be granted. One of the prayers is that the search warrant be quashed and the property seized returned. The purpose of the seizure of the films, and the only justification for seizure that could well be urged, is to use them as evidence of the crime in whose commission they are said to have been employed. The proceedings have been filed in this court to that end, for the use of the prosecuting officers of the government. The commissioner's function under the statute has been fully discharged. Interlocutory motion in the criminal case, made by the accused, and reviewable after sentence, as a ruling in the

criminal case, cannot now well be had, both because there is as yet no prosecution, and because the Metropolitan Company, one of the parties interested in the property, is not claimed to have been a party to the conspiracy to be prosecuted. It may and should be treated as in the nature of a summary rule against the district attorney, to require him to surrender property improperly seized for his use as such, reviewable at once, as was done in the Perlman Case, 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950. Though such rule be discretionary, and not of right, in view of all the circumstances, I overrule the motion to dismiss, and will entertain it.

[8] On the merits nothing is presented, save the warrant and its supporting affidavits, and the testimony taken by the commissioner on his hearing. All will be considered as affidavit evidence presented to this court now. The question before me is whether, under all the circumstances so shown, there was and is probable cause to believe the films to have been used as the instrument of a felony of conspiracy, to send them into Georgia from another state for public exhibition. That they were made in another state, and brought here in violation of law, is concededly probable. The single fact that they are found in the hands of the movant Hicks would, in the absence of explanation, make it probable that the movant Hicks was concerned in the importation of them, though, of course, not conclusive. The statement attributed by McGee to Hicks, that Hicks had them brought in, is a direct admission of his being concerned with others therein.

The possession for public exhibition of fight films, evidently brought in from another state in violation of law, is something like the possession of goods recently stolen in that it requires explanation; and, as, in the case of one who, having taken money and furnished liquor, claims he acted only as an agent in buying it from another, that other must be pointed out and identified, so here some reasonableness and certainty may well be demanded in an explanation which seeks to put the guilt of importation on another. Hicks' explanation, while on oath and uncontradicted, is also uncorroborated, and he is a much interested witness. It has quite a good deal of inherent improbability, in that one must believe that McCullough, a person whom Hicks did not know, without communication with him, brought in the film, met him accidentally on a street corner, and sold the said film for $1,000 cash in a few minutes, after only a most casual examination of what was being bought. Hicks was not a motion picture man, had no money, claims to have borrowed the $1,000 without security from a man for whom he had worked for only one month, and who had the cash in his pocket without any prearrangement. The seller of the film is not produced or in any way identified.

A few days before a film, apparently exactly like this, was seized, and proof made that it came from New York, followed by directions to mutilate it. The present film is mutilated in the same way. It appears, also, that Hicks was present, through curiosity only, at the hearing touching the other film, and was made acquainted with the law touching such matters. All this, while falling far short of conclusive proof that Hicks and others had conspired to introduce this film, avoiding the difficulties developed in the other case, it is not improbable. It is certain that Hicks himself has not been out of the state, and if the film came into the state for him, it must have been through conspiracy with some other person. All this is true, aside from the testimony of McGee as to the admission of Hicks as to his complicity. That testimony seems very proper to be appraised at the trial, rather than in a proceeding of this sort.

I think the situation as a whole shows probable cause, and that the property may be detained for a reasonable time for use as evidence in a prosecution to be instituted.