## HERTER v. UNITED STATES.*

Circuit Court of Appeals, Ninth Circuit.
June 17, 1929.

No. 5751.

*Rehearing denied August 12, 1929.

National Prohibition Act. Appellant was later convicted on the first charge and acquitted on the second, and from a judgment entered January 29, 1929, imposing a fine, he prosecutes this appeal.

The assignment he most persistently presses involves the reception over his objection of evidence secured by the prohibition agents in a search of his residence. The residence is at Helena, and the search was made on October 5, 1928, under authority of a search warrant issued by a United States commissioner at Great Falls on September 28th. The warrant was based upon information contained in an affidavit made the day before by B. M. Sharp, who stated positively that on September 24th he purchased from appellant at his residence a number of drinks of intoxicating liquor, both beer and whisky, for which he paid at the rate of 25 cents a drink; that appellant was keeping quantities of liquor upon the premises and was selling the same; and, further, that by common reputation he was engaged in selling liquor upon such premises. That the warrant was regular upon its face is conceded, and from the return it appears that in executing it the officers on October 5th found and seized 6 cases (apparently 24 bottles each) of home-brew beer, 2 gallons of moonshine whisky, and 5 gallons of wine. By the commissioner the warrant and return and other pertinent papers were on October 6th sent for filing, and were on October 8th filed in the office of the clerk of the District Court. On October 9th appellant filed with the clerk a petition supported by affidavits putting in issue some of the averments in the Sharp affidavit and praying for an order remitting the papers to the commissioner for further proceedings pursuant to section 15 et seq. of the Espionage Act (40 Stat. 229, 18 USCA §§ 625, 626). Upon a hearing of the petition the court at Great Falls, on December 1st, entered an order directing the clerk to remit the papers to the commissioner "for further proceedings," with leave to appellant "to take such other and further proceedings before such commissioner as may be lawful to controvert the grounds on which" the warrant was issued. The papers were so returned to the commissioner, whereupon appellant filed with him a petition to quash the search warrant, and for a return of the liquors, upon which a hearing was had, and subsequently on January 18, 1929, the commissioner returned to the clerk the original papers together with such petition, a transcript of the testimony of witnesses given before him, and his report of his proceedings and conclu-

Lester H. Loble and Hugh R. Adair, both of Helena, Mont., for appellant.

Wellington D. Rankin, U. S. Atty., and Howard A. Johnson and Arthur P. Acher, Asst. U. S. Attys., all of Helena, Mont.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. On November 1, 1928, the district attorney for Montana filed an information charging appellant, in the first count, with the unlawful possession of intoxicating liquor, and, in the second, with the maintenance of a nuisance under the

404

sions. Appellant has not brought here his petition to quash or any part of the evidence taken thereon, but has incorporated in the record the commissioner's "Report * * * and Ruling." From this it appears that the hearing was had on January 5th at Helena, at which time twelve witnesses besides appellant himself gave testimony in his behalf and three witnesses were called by the government. The return of the testimony was in the form of the shorthand reporter's transcript, each witness signing his part thereof with the exception of four whose signatures, for reasons not here necessary to state, could not be obtained. It also appears that at the time of the hearing the parties were unable to secure Sharp's attendance as a witness, but the commissioner considered his original affidavit as evidence. In his affidavit Sharp did not state at what hour he made the purchase, and appellant testified that the only times he was at his home during the day were from 9 in the morning until 1 in the afternoon and from 6:30 to 7:30 in the evening. All the witnesses, with the exception of members of appellant's family, testified only to seeing appellant at places other than his home at certain hours of the day. Of the several members of appellant's family at least one, and possibly, but not necessarily, more, according to their testimony, was present in the home at all times, and that no one saw Sharp or any other strange person on the premises during the day or saw any liquor sold there. Two prohibition agents testified that at all times mentioned the residence bore the common reputation of being a place where intoxicating liquor was sold, and one witness, an attorney for appellant, testified to the contrary. The commissioner excluded from his consideration entirely all evidence of the reputation of the place and considered only the Sharp affidavit as having any tendency to show probable cause. "This," he said, "is in direct contradiction to the testimony of twelve witnesses"—a view so manifestly in conflict with his own statement of what the witnesses testified to that comment is unnecessary. Even with this inadequate and erroneous consideration of the evidence, his finding of fact was only "that the *preponderance* of the evidence is to the effect that there was no sale of intoxicating liquor by Karl Herter * * * on the 24th day of September, 1928, at or on the premises described in the search warrant, and I so find." And he adds (as a conclusion of law), "I therefore find that there was no probable cause for the issuance" of the warrant. Whereupon he ordered the warrant

quashed and the "evidence" obtained thereunder "suppressed." The disposition of the liquor, however, he expressly "left subject to such order as" the court "may deem proper."

We have thus set forth in considerable detail what occurred prior to the trial, for thus more clearly may be brought into view the strange consequences that would follow if appellant's contention be sustained. His objection to the reception of the evidence was not predicated upon the theory that in issuing the search warrant the commissioner acted without a sufficient showing of probable cause, or, for any other reason, illegally, or that the officers executing the warrant proceeded unlawfully. The warrant was issued and executed in the manner and under the conditions sanctioned by both Constitution and statutes. Appellant did not offer to the court any original proof that in fact the search warrant affidavit was false. His contention was and is that the subsequent action of the commissioner was conclusive upon the court, that by reason of such action the search warrant was rendered void ab initio, and that hence the evidence thus obtained was inadmissible. In short, the contention is that after a prosecution has been commenced, predicated upon disclosures accomplished by means of a search warrant duly issued and executed, the court in which the proceeding is pending may be foreclosed of the right to receive the evidence and the prosecution virtually frustrated by the action of a magistrate not necessarily learned in the law. It is to be borne in mind that within the scope of the commissioner's order here the proceeding was not an independent one admitting of an appeal, but was incident only to the criminal prosecution pending in the District Court. Cogen v. United States, 278 U. S. 221, 49 S. Ct. 118, 73 L. Ed. ——. Hence where, in such a case, the government is largely dependent upon the evidence so obtained, if appellant's contention be valid a defendant, even though really guilty, would have two real chances to escape: If he succeeds before the commissioner, as here, the prosecution would be left without sufficient evidence, and if he fails before the commissioner he still would have his full chance with the trial court and jury. And, as pointed out by Judge Hough in the Maresca Case (D. C.) 266 F. 713, 719, the ruling upon the validity of a search warrant being purely interlocutory, in case a defendant is convicted he may assign the same as error, whereas the government would not have that remedy as against an erroneous ruling adverse to it.

Such authority as there is for the pro-

ceeding before the commissioner is to be found in section 15 et seq. of the Espionage Act (June 15, 1917; 18 USCA § 625 et seq.) Referring to the USCA, section 625 provides that: "If the grounds on which the warrant was issued be controverted, the judge or commissioner must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and subscribed by each witness." And section 626 that: "If it appears that the property or paper taken is not the same as that described in the warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken; but if it appears that the property or paper taken is the same as that described in the warrant and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then the judge or commissioner shall order the same retained in the custody of the person seizing it or to be otherwise disposed of according to law." By section 627 it is provided that the "commissioner must annex the affidavits, search warrant, return, inventory, and evidence, and if he has not power to inquire into the offense in respect to which the warrant was issued he must at once file the same, together with a copy of the record of his proceedings, with the clerk of the court having power to so inquire." There follow sections declaring that a false oath in connection with the procuring of a search warrant shall be subject to the law of perjury and subornation of perjury and providing for punishment for one who maliciously and without probable cause procures a warrant to be issued or executed.

It is to be noted that the commissioner here did not afford to appellant the only relief section 626 in terms authorizes, that is, the restoration of the property seized, but did assume to quash the warrant and "suppress the evidence"—subjects not mentioned in the statute. Presumably he refrained from attempting restoration because of the apparently repugnant provision of the National Prohibition Act (27 USCA), legislation of a later date, and specially covering the domain of this controversy, declaring that intoxicating liquor and other property illegally possessed or designed to be illegally used, when seized under a search warrant, "shall be subject to such disposition as the court may make thereof." Section 25, title 2, 41 Stat. 315, 27 USCA § 39; Francis Drug Co. v. Potter (D. C.) 275 F. 615; Diligannis

v. Mitchell (D. C.) 279 F. 131. While in two or three decisions involving petitions for the return of seized property we note language implying the assumption that in such a proceeding the commissioner has the power to "quash" the warrant, in no case brought to our attention is the precise question of such power, or the power to "suppress the evidence," discussed, and, as already observed, the statute does not, in terms at least, confer it. Upon the whole we are of the opinion that in respect of property seized in the enforcement of the National Prohibition Act the provisions of that act supersede those of the Espionage Act and confer upon the court, to the exclusion of the commissioner, the power to make disposition of the property, and that inasmuch as the Espionage Act purports to confer on a commissioner, not the power to quash the warrant or to suppress the evidence, but only to make disposition of the property, it is inoperative within the realm of the Prohibition Act. The party aggrieved may apply directly to the court for all relief. Such was the course appellant followed in Case (C. C. A. No. 5752) 33 F.(2d) 400, this day decided, and is, we infer, the more common practice.

But if on the latter proposition a different view were taken the result in the instant case would be the same. At most, we think the action of the commissioner should be held to be little more than advisory in a case where the proceeding to quash is but an incident to a criminal prosecution, and fully subject to the supervision of the court in which such prosecution is pending. Indicative of such legislative intent is the requirement that in such case the entire record is, as of course, to be transmitted by the commissioner to the court. Upon the point, even where the warrant is issued in the enforcement of laws other than the National Prohibition Act, there is a diversity in the decided cases. For elaborate discussions leading to opposing conclusions, reference may be made to United States v. Maresca (D. C.) 266 F. 713, and United States v. Casino (D. C.) 286 F. 976, both from the Southern District of New York. See, also, In re No. 191 Front St. (C. C. A.) 5 F.(2d) 282; United States v. Madden (D. C.) 297 F. 679; Atlanta Enterprises v. Crawford (D. C.) 22 F.(2d) 834; In re Film and Pictorial Representation, etc. (D. C.) 22 F.(2d) 837.

If in this view the court below resorted to the commissioner's record, it could there find ample ground upon which to sustain the validity of the warrant. The positive affidavit upon which it was issued was

at the later hearing measurably corroborated by two witnesses who testified that in common reputation the house was a place where appellant kept for sale and sold intoxicating liquor. Against that showing was the testimony of appellant and one or two members of his own immediate family, deeply interested witnesses. Probable cause was shown. In Carroll v. United States, 267 U. S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, the Supreme Court has recently said that officers have probable cause where the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient in themselves "to warrant a man of reasonable caution in the belief that intoxicating liquor was" being sold. See, also, Stacey v. Emery, 97 U. S. 642, 645, 24 L. Ed. 1035. Even if it should be held that ordinarily the court may properly give some weight to the finding of the commissioner, here, after excluding consideration of testimony touching reputation and erroneously holding that the warrant affidavit was directly contradicted by twelve witnesses, the commissioner found only that the "preponderance of the evidence" was with the appellant. We are therefore of the opinion that no error was committed in receiving the evidence obtained by means of the search warrant. We have assumed, but do not decide, that after his original return of his record to the clerk of the court and after the filing of the information the commissioner could exercise jurisdiction.

 The other assignments all involve instructions given and requests refused touching presumptions and burden of proof in a case where the defendant is shown to have been in the possession of intoxicating liquors. Appellant did not before the jury, and does not now, resist the contention that he had possession in his home of the quantities of wine, home-brew beer (shown by the evidence to have been over 260 quarts), and moonshine whisky hereinbefore described, nor did he at the trial testify, or by any witness attempt to explain, how, when, or where he obtained any part thereof or that he possessed the same for the use of himself, his family, or his bona fide guests. The instructions given were to the effect that, even though the liquors were in his home, the possession was prima facie illegal, and that the burden was upon him to prove that they were acquired, possessed, and used within the permission of the law. National Prohibition Act, § 33, title 2 (41 Stat. 317, 27 USCA § 50). The requests refused either ignored or by implication challenged the propriety of this rule. We think it was applicable. Panzich v. United States (C. C. A. 9th) 285 F. 871; Filippelli v. United States (C. C. A. 9th) 6 F.(2d) 121; Barker v. United States (C. C. A.) 289 F. 249; Singleton v. United States (C. C. A.) 290 F. 130. True, the court in effect advised the jury that possession in the home would be illegal unless the liquor was owned at the time the law went into effect. Technically and as an abstract proposition, the instruction may be too broad as not excepting a case where liquor is procured by a prescription or under other special circumstances; but defendant could not possibly have been prejudiced. If the presumption of illegality from possession prevails until overcome by proofs of lawful acquisition and use, defendant made out no defense, and the instruction was manifestly intended to meet the argument, and the only argument, offered on his behalf to the jury, namely, that they should acquit because the government had not shown a sale or intended sale.

We think there was no prejudicial error, and the judgment is affirmed.