## SCHRODER v. UNITED STATES.
### No. 6185.

Circuit Court of Appeals, Fifth Circuit.
Oct. 27, 1931.

Shelby Myrick, of Savannah, Ga., for appellant.

Chas. L. Redding, U. S. Atty., and G. B. Everitt, Asst. U. S. Atty., both of Savannah, Ga.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, Schroder, was convicted for unlawfully manufacturing and possessing intoxicating liquor. The evidence supports the conviction. The sole contention, timely and properly made, is that the evidence was unlawfully obtained by a federal officer through a search of defendant's dwelling under an invalid search warrant. The asserted defects of the warrant are that the evidence of probable cause recited in the warrant differed from that in the affidavit on which it was issued; that the affidavit contained hearsay as to the purchase of liquor, and did not disclose the identity of the purchaser, and did not show facts sufficient to warrant a finding of probable cause; and that the warrant did not show that the officer issuing it had made a judicial finding of probable cause. The affidavit made by an officer states that the National Prohibition

Law is being violated at the described place, in that whisky is being stored and kept for sale there, and that on the preceding day affiant gave money to an informer, after searching him and finding no money on his person, and that the informer went into the premises and nowhere else, affiant remaining on the outside, and that the informer returned in a short while and handed affiant a bottle of whisky which the informer stated he had bought therein. The warrant recites a complaint on oath in writing, supported by affidavit made by this affiant, and alleging a violation of the Prohibition Act in the described premises by storing whisky there for sale, and then copies in substance the contents of the affidavit above set forth except that it is stated that no money *or whisky* was found on the informer when preliminarily searched.

 The warrant must conform to the requirements both of the Fourth Amendment of the Constitution and of the statutes under which it was issued. Section 25, title 2, of the National Prohibition Act, 27 U. S. C. § 39 (27 USCA § 39), dealing primarily with the unlawful possession of liquors and of property designed for their manufacture, authorizes search warrants to issue under the provision of 18 U. S. C. § 611, and following (18 USCA § 611 and following), thereby adding the seizure of such liquor and property as a ground for the issuance of a warrant to those grounds named in 18 U. S. C. § 612 (18 USCA § 612), but putting a restriction on searches of dwellings therefor. Section 614 requires the examination on oath of the complainant for a warrant, and of any witnesses he produces, and the reduction of their testimony to signed written affidavit or deposition. By section 616 the warrant must state "the particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken." There is no requirement that the affidavits be copied into the warrant, or that the ground or probable cause in respect of which the warrant issues should follow literally their purport. A variance not amounting to the substitution of a different ground is immaterial. The affidavits themselves as listed in the warrant are filed for the inspection of anyone who may wish under section 625 to controvert the grounds on which the warrant issued. The present warrant is not invalidated because of the insertion of a fact not found in the affidavit.

 The inclusion in the affidavit of the statement of the informer made upon the spot that he bought the whisky in the residence, though hardly amounting to res gestæ, and therefore only hearsay, does not vitiate the affidavit if the facts otherwise appearing constitute probable cause. Indeed, such a statement, though inadmissible in a trial where guilt beyond a reasonable doubt is the issue, may have corroborative or explanatory value on a question of probable cause. The statement of an arrested liquor customer that he got the liquor of which he was found in possession at a stated place was thought a proper part of the probable cause for a search in Shore v. United States, 60 App. D. C. 137, 49 F.(2d) 519. Information, if esteemed reliable and supported by other facts, is daily acted on as probable cause in searches without warrant of automobiles. Carroll v. United States, 267 U. S. 133, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. Thompson v. United States (C. C. A.) 44 F.(2d) 165. It is true that the statement of an informer who was probably paid to buy is of little weight, but its presence in the affidavit does no harm. That the informer's identity was not disclosed is immaterial. His affidavit was not taken, and section 616 requires the warrant to contain only the names of affiants. We think the facts stated in the affidavit, aside from the informer's statement, showed probable cause, though not excluding reasonable doubt. The officer suspecting the premises caused a man provided with money to go in to buy, and he, having gone nowhere else, came out to the officer watching him with a bottle of liquor. That he found, or stole it, or that it was given him, or that he had it all the time, might be a possibility, but not a probability. The reasonable probability is that whisky is kept and sold there. A warrant may issue for search and seizure. Carroll v. United States, 267 U. S. 133, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761; Dumbra v. United States, 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032.

 The warrant does not expressly state that the judicial officer issuing it found that there was probable cause, but, after stating the ground of the complaint and the facts supporting it, commands the search. This is sufficient. The statute, section 616, provides: "If the judge or commissioner is thereupon satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence, he must issue a search warrant." He is not required to record his conclusion in the warrant or else-

where. The issuance of the warrant for the reasons recited necessarily implies a finding by the officer that cause existed for its issuance.

Judgment affirmed.