## FOLEY v. UNITED STATES.
### No. 6699.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1933.

Rehearing Denied April 21, 1933.

FOSTER, Circuit Judge, dissents.

**2**

R. A. Hendricks and Bart A. Riley, both of Miami, Fla., for appellant.

W. P. Hughes, of Jacksonville, Fla., for the United States.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

By tapping the telephone wires leading into the residence of Karl Foley in Miami, Fla., prohibition agents of the United States overheard many orders for intoxicating liquors given to Foley and his associates, arrangements made for payment and deliveries of liquors from some place of storage elsewhere, quotations of prices, and communications with Canada and Bimini respecting the purchase and importation of liquors, and so learned that the residence was the office for a large business done in imported liquors and what records and instrumentalities of the business must be in the house. One of these agents, upon his own affidavit and those of other agents setting forth fully these conversations and that by acting on information so received they had been able to seize some of the liquors, applied to the District Judge for a warrant for the search of the described dwelling and the seizure therein of properties, documents, books, papers, records, codes, and accounts used as the means and instrumentalities of committing a felony, to wit, an existing conspiracy to unlawfully import, transport, sell, furnish, and deliver prohibited intoxicating liquors, and to maintain common nuisances in the keeping and selling thereof contrary to the National Prohibition Act (27 USCA), and to unlawfully bring into the United States without inspection, declaration, and entry, and to receive, conceal, and facilitate the transportation of such unlawfully imported liquors, contrary to the Tariff Act of 1930 (19 USCA § 1001 et seq.). The books, accounts, and records were elaborately described by their contents. A typewriter and adding machine were also specified. The judge made a finding of probable cause and issued a warrant for the seizure of the described property. The warrant was executed by the prohibition agents, who made a return showing the seizure of the described books and papers, typewriter, and adding machine. Thereafter, but on the same day, warrants of arrest were issued and executed against Karl Foley and others. Foley was given a hearing before a United States Commissioner, who declined to inquire into the validity of the search warrant which he had not issued, and on the evidence of the witnesses produced bound him over to the District Court upon a charge of conspiracy. Thereupon Foley instituted the proceeding here under review. It is a petition entitled in the District Court of the United States for the Southern District of Florida, Karl Foley v. United States of America, and addressed to the judge of said court. It is brought by Karl Foley as a citizen of the district domiciled in the described dwelling in Miami and tells of the search of his home by the named prohibition agents under the search warrant issued by the judge, referring to it and the return upon it as of file in the court. It tells of the hearing before the Commissioner and his refusal to act upon the lawfulness of the warrant, and that Foley was bound over to the court, but although a reasonable time had elapsed no indictment had been brought against him. The petition claimed that the information on which the warrant had issued was unconstitutionally obtained in that neither Foley nor the telephone company to whom the wires belonged had consented to their being tapped; and that the property seized was being held by the marshal and clerk of the court, and by the district attorney, the last named proposing in the future to use it as evidence in a criminal trial in the court should petitioner be indicted. The prayers were that under 18 USCA § 625 the court would take the testimony of the witnesses in relation to the grounds for search warrant, that it would quash the warrant and would suppress the evidence thus unlawfully obtained and would order the return of the seized property to the custody of the petitioner. As parties it named the district attorney, the marshal, the clerk, and the prohibition agents. The district attorney accepted service of a notice that on a named date Foley would "move the court" for an order upon the petition, and he appeared at the hearing, the clerk and prohibition agents also being present. Foley's counsel there contended that the proceeding was before the judge as a committing magistrate who had issued the search warrant and was independent of any criminal case that might thereafter arise. He stated he had no additional witnesses, but wished to cross-examine those who made the affidavits for the issuance of the search warrant in order to show that they had no permission to tap the wires and that they did not recognize anybody's voice and could not have identified anyone prior to the search. The judge ruled that in issuing the search warrant there was no question of identifying persons but only the place and the

things to be seized, and that the question of identification of persons would arise only on a trial. Thereupon "the court having heard argument of counsel and being advised in the premises, it is ordered, adjudged and decreed that the petition be and the same is hereby denied." This appeal followed.

 It is urged that the judgment is not a final one from which an appeal may be taken. There is some difficulty in classifying it. It does not concern a search incident to and justified by an arrest, but concerns a search warrant. This is not a case in which a prosecution was actually in progress in the District Court, although one was evidently imminent. The petition in one of its prayers refers to 18 USCA § 625, authorizing a summary hearing touching the issuance and execution of the search warrant before the officer who issued it, whether judge or commissioner. No review is provided by that statute. The judgment rendered in such a hearing would not seem to be appealable if by a Commissioner, nor does it bind a court subsequently trying a criminal case. Herter v. United States (C. C. A.) 33 F.(2d) 402, 65 A. L. R. 1240. It may be doubted whether such a decision by a judge as the mere issuer of a warrant would stand otherwise. But this petition is filed in the district court and formally entitled therein and addressed to its judge. The notice given warns of action by the court, and the judgment is a formal one by the court, and no doubt entered upon its minutes. Besides the prayer under the statute there are other separate prayers for the return of property alleged to be in the hands of the court's officers, the clerk, the marshal and the district attorney, and for the prevention of its use as evidence in the court by the district attorney. The prohibition agents were the parties to the search warrant and would have been the proper respondents in a hearing under section 625. The officers of the court were not parties to the search warrant and are joined in this petition because they had the property and were intending to use it, wrongfully as was claimed. As to them the proceeding could and should be one in the court to control their conduct as court officers. Though no indictment be pending, the court may reach forward to control the improper preparation of evidence which is to be used in a case coming before it, and can always by summary procedure restrain oppressive or unlawful conduct of its own officers. Go-Bart Importing Co. v. United States, 282 U. S. at pages 354, 355, 51 S. Ct. 153, 75 L. Ed. 374; Atlanta Enterprises v.

Crawford, Marshal (D. C.) 22 F.(2d) 834; In re Film and Pictorial Representation of Dempsey-Tunney Fight (D. C.) 22 F.(2d) 837. We think this judgment is one by the district court exercising such summary jurisdiction. An appeal was entertained without question from the refusal of the District Judge to quash a search warrant which he had issued in Dumbra v. United States, 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032. In Steele v. United States, 267 U. S. 499, 45 S. Ct. 414, 69 L. Ed. 757, a Commissioner issued the warrant but a motion to quash it and for the return of the seized property was made before and refused by the District Judge. An appeal was entertained from the order. Not only so, but it was said that the judgment of the judge on the motion to quash was res judicata in the criminal trial which followed, page 507 of 267 U. S., 45 S. Ct. 414. But it has since been said that the ruling of the judge on such questions is not conclusive in the criminal trial but the court may, if it is willing again to go into the means by which the evidence was secured, review the ruling and allow error assigned on it. Cogen v. United States, 278 U. S. at page 224, 49 S. Ct. 118, 73 L. Ed. 275. In the case last cited the reviewability of such a preliminary order is extensively examined, and the conclusion reached that the order there involved was interlocutory because the motion to return the seized property was made after indictment found. At page 225 of 278 U. S., 49 S. Ct. 118, 120, referring to applications in summary proceedings against officers of court it is said: "The independent character of the summary proceedings is clear, even where the motion is filed in a criminal case, whenever the application for the [return of] papers or other property is made by a stranger to the litigation, * * * or wherever the motion is filed before there is any indictment or information against the movant, like the motions in Perlman v. United States, 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950, and Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159." Because the present petition was filed when no indictment was pending we think the judgment on it is independently reviewable.

 The court did not err in refusing to go into a cross-examination of witnesses on the question of identifying the persons using the telephones. The object of the search warrant, sanctioned by 18 USCA § 612(2), was the seizure of particular property concealed in the dwelling and used in the commission of a felony. By that statute it might be seized

"from the possession of the person by whom it was used in the commission of the offense, or from any person in whose possession it may be." No persons were named in the warrant and none need have been. Property, not persons, was sought and seized.

■ The warrant itself disclosed that it rested upon the intercepted telephone communications. Since evidence was refused on the point of consent to tap the wires, we assume there was no consent. By the common law of evidence, aside from self-incrimination, truth was received as truth no matter if it was discovered by reprehensible means. When, however, officers of the federal government break the Federal Constitution to get at the truth the federal courts refuse to hear it, esteeming the upholding of the constitutional guaranties against abuse of governmental power more important in such circumstances than the discovery of the truth. The deceitful and surreptitious obtaining by an officer of papers prevented their use as evidence though the force of government was not used, in Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647. But for this court it is settled that the surreptitious eavesdropping of federal officers by secretly tapping telephone wires is no worse than other eavesdropping, and does not require the discarding of the information secured. Olmstead v. United States, 277 U. S. 438, 48 S. Ct. 564, 72 L. Ed. 944, 66 A. L. R. 376. No physical invasion of Foley's premises is claimed.

■ The things seized were not mere evidence. They were things actually used in committing the crime of conspiracy charged, and considering the extent of the business done they were even necessary to its commission. Whether the business was buying and selling liquors or a brokerage between buyers in the United States and sellers in foreign lands, it was extensive and required bookkeeping and other records. Among the things seized were books of unfilled orders and ledgers of customers' accounts, and stock books showing liquors ordered, received, delivered and on hand which contained many pages and referred to scores of different brands. There were many invoices of shipments from Bimini, apparently current business. There were price lists covering more than a hundred brands of whiskys and other liquors. The typewriter and adding machine were shown to have been used in the business by the records made with them. We think all these clearly appear to be things used as a means of carrying on the very extensive conspiracy against the laws of the United States which was evidently in progress, and might lawfully be sought for and seized under a warrant describing them. "There is no special sanctity in papers as distinguished from other forms of property, to render them immune from search and seizure if only they fall within the scope of the principles of the cases in which other property may be seized, and if they be adequately described in the affidavit and warrant." Gouled v. United States, 255 U. S. at page 309, 41 S. Ct. 261, 265, 65 L. Ed. 647. In Marron v. United States, 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231, account-books and papers in sight when one was lawfully arrested were held properly seized because used to carry on the criminal enterprise, though there was no search warrant for them. Go-Bart Co. v. United States, 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. 374, and United States v. Lefkowitz, 285 U. S. 452, 52 S. Ct. 420, 76 L. Ed. 877, involved a forcible exploratory search dependent on an arrest. There was no search warrant. Neither case is in point. Foley faces a search warrant regularly issued upon abundant showing of probable cause, and his contention falls before it.

Judgment affirmed.

FOSTER, Circuit Judge, dissents.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.