## SCARDINA v. UNITED STATES.
### No. 7866.

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1935.

Robert B. Todd, of New Orleans, La., for appellant.

Saul Stone and Leon D. Hubert, Jr., Asst. U. S. Attys., both of New Orleans, La.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted under an indictment which charged that, at a nam-

ed time and place, appellant possessed described distilled spirits "contained in described immediate containers which did not then and there have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits. The offense charged was created by the Liquor Taxing Act of 1934, § 201, 48 Stat. 316, 26 U.S.C.A. § 267 (26 U.S.C.A. § 1152a).

The sole ground on which a reversal of the judgment is sought is the action of the court in overruling a motion of the appellant that the evidence obtained on a search of appellant's premises be suppressed, on the ground that neither the search warrant in pursuance of which that search was made nor the affidavit on which that warrant was issued sets forth sufficient probable cause for. the issuance of that warrant. The affidavit of C. W. Prather, Internal Revenue Agent, upon which the search warrant was issued, after reciting that affiant had good reason to believe and does believe that in a certain particularly described house there have been and now are located and concealed tax unpaid spirituous liquor, alleged: "That the facts tending to establish the grounds of this application and the probable cause of affiant believing that such facts exist, are as follows: That on the 4th day of September, 1934, affiant after searching an informer and finding no liquor gave said informer money and ordered him to enter above described premises and buy tax unpaid spirituous liquor. Informer then left affiant and returned in a few minutes and handed affiant a half pint bottle of whiskey on which there was no stamp whatsoever. Informer was not out of sight of affiant except during the time he was in said premises." The search warrant, issued by a United States Commissioner, after reciting that the maker of the affidavit appeared before that official, and testified under oath and made affidavit, set out the above-quoted statement of that affidavit.

The facts deposed to by the affiant are such as to lead a reasonably discreet and prudent man to believe that distilled spirits in unstamped bottles were possessed and sold in the premises referred to. In the circumstances disclosed the getting by the informer of an unstamped pint bottle of whisky made it reasonably probable that an unstamped bottle or bottles containing whisky were in the house when the in-

former entered it. It was possible, but not probable, that the informer, while in the house, got whisky from a duly stamped container, and put it in the bottle. What the affidavit showed had occurred furnished reasonable grounds for the affiant believing, at the time of the making of the affidavit and of the issuance of the warrant, that the law was being violated on the premises to be searched. This was enough to constitute probable cause justifying the issuance of a search warrant. Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 69 L.Ed. 1032; Schroder v. United States (C.C.A.) 53 F.(2d) 6. The above-mentioned ruling was not erroneous.

The judgment is affirmed.