**UNITED STATES v. STEWART.**

No. 14321, Sept. Term, 1947.

District Court, E. D. Pennsylvania.

Aug. 12, 1948.

Charles P. Mirarchi, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Jesse N. Goldstein, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

The defendant was indicted for possessing distilled spirits in eight one-gallon containers without stamps affixed thereto as required by the Liquor Taxing Act [1] of 1934. He has filed a motion under Federal Rules of Criminal Procedure, rule 41(e), 18 U.S.C.A. following section 687, for an order suppressing as evidence the eight one-gallon containers.

On August 5, 1947, a search warrant, by authority of which the containers were seized, was issued by the United States Commissioner on an affidavit of an agent of the Alcohol Tax Unit. The affidavit, after stating that the agent personally appeared and was duly sworn before the Commissioner, set forth: "That he has good reason to believe and does believe that in and upon certain premises within the *Eastern* [2] District of *Pennsylvania*, to wit, the premises known as: *940 N. Warnock Street, Philadelphia, Pa.* and particularly described as follows: *A 3 story brick house with blue and white stripe awnings* there have been and are now located and concealed certain property used as the means of committing a felony in violation of the Statutes of the United States, to wit: *A quantity of nontaxpaid distilled spirits.*

"That the facts tending to establish the grounds of this application and the prob-

---

[1] Act of January 11, 1934, c. 1, Secs. 203–207, 48 Stat. 316, 317, as amended, 26 U.S.C.A. Int.Rev.Code, § 2803.

[2] The italicized words indicate those inserted by typewriter.

able cause of affiants believing that such facts exist, are as follows:

"On July 30, 1947, about 11:15 am, I gave a colored man known to me as 'James Williams' an empty bottle (1 pint) and a dollar bill and after searching him and finding he had no other money or bottle on his person, Investigators Malloy and I followed him and watched him enter the above premises.

"In a few minutes he came out and Investigator Malloy and I followed him north on Warnock Street, and east on Girard Avenue where we searched him and found he had no money but did have a pint bottle of white untaxed whiskey. The bottle of whiskey was retained as evidence.

"Wherefore, your affiant prays that a Search Warrant may issue authorizing a search of the aforesaid premises in the manner provided by law."

In connection with the above sworn statement, the agent submitted an affidavit, reprinted in the foot note,[3] signed by James Williams, who did not appear before the Commissioner. Both affidavits were filed with the record of the proceedings before the Commissioner and transmitted to this court.

F.R.C.P. 41(c), relating to search and seizure, as far as is material here, provides: "A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. * * * It shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof. It shall command the officer to search forthwith the person or place named for the property specified. * * *" This rule is merely a codification of the law as it existed prior to the effective date of the new criminal rules. The government concedes that the Williams affidavit could establish no grounds for the issuance of the warrant.

In assuming that the agent's affidavit is legally sufficient, the defendant asserts that since it can not be determined what weight the commissioner gave to either affidavit, the warrant can not be sustained. There appears to be some authority to the effect that as long as the statements in the affidavit of the applicant appearing before the commissioner set forth grounds from which probable cause for the existence of the object to be seized is a reasonable conclusion, the fact that the affidavit of a person not appearing before the commissioner is also considered by him will not vitiate the issuance of the warrant. See Hawker v. Queck, 3 Cir., 1 F.2d 77, 80; Herter v. United States, 9 Cir., 33 F.2d 402, 65 A.L.R. 1240; Schroder v. United States, 5 Cir., 53 F.2d 6. However, whether the Williams affidavit had the effect asserted by the defendant need not be determined in this case. Although the commissioner did not mention that he did so, it is apparent from a reading of the warrant that he disregarded the Williams affidavit and relied entirely upon the agent's. The warrant states that the particular grounds for probable cause for its issuance consists of facts furnished by the agents' affidavit. Moreover the recitation therein of the facts upon which the com-

---

[3] "On July 30, 1947, about 11:15 am, I was searched by Investigators Malloy and James at which time I had no money or bottle on my person; they gave me an empty bottle and $1.00. I walked to and entered the premises of 940 N. Warnock, Philadelphia, Pennsylvania, which is a 3 story brick house with blue and white stripe awnings.

"I was met by a man known to me as "Whispering Phil". I went on into the dining room where I purchased a pint of white whiskey from a woman described as follows:

"About 5' 6" tall, weighing about 130 pounds and about 40 years of age.

"Upon leaving the premises I walked north on Warnock Street and east on Girard Avenue where I was met by Investigators Malloy and James; they searched me and found I had no money but I did have the pint bottle, which they had given me, empty, before I entered the premises, and which was filled with white liquor.

"The bottle of white liquor which I purchased was turned over to Investigators Malloy and James."

missioner relied for its issuance were taken almost word for word from that source.

Leaving aside the question of whether the evidence presented before the commissioner was tainted by the affidavit, the defendant contends that the warrant was issued without probable cause because of the inadequacy of the facts set forth in the agent's affidavit. This contention is based on the failure of the affidavit to exclude the possibility that the whiskey in the possession of Williams was secured elsewhere than at the house designated. More specifically he points out that the affidavit did not state that the building in question was kept under strict surveillance while Williams was inside, and that he was constantly kept in view by the agents between the time he was found with the bottle of whiskey. Affidavits in support of an application for a search warrant need not be drawn so as to demonstrate beyond a peradventure of a doubt or beyond a reasonable doubt that the object sought to be seized exists at the place designated. The test to be applied is set forth in the leading case of Dumbra v. United States, 268 U.S. 435, at page 441, 45 S.Ct. 546, at page 549, 69 L.Ed. 1032, as follows: "In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched, and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." Also see Lowrey v. United States, 8 Cir., 161 F.2d 30, certiorari denied 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858. We think that the facts set forth in the affidavit in the instant case meet this test. For strikingly similar cases in which the search warrant was upheld, see Shore v. United States, 60 App.D.C. 137, 49 F.2d 519; Schroder v. United States, supra; Scardina v. United States, 5 Cir., 80 F.2d 699.

Accordingly, the motion to suppress the evidence is denied.