116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda TAYLOR, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF AIR FORCE, Pete KEMPF, General,
prior TFWC Commander, Nellis AFB, Defendants-Appellees.
 No. C.A. 95-15790.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 18, 1997**
Decided June 26, 1997.
 
 Appeal from the United States District Court for the District of Nevada, D.C. No. CV-91-00540-LDG; Lloyd D. George, District Judge, Presiding.
 Before CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brenda Taynor alleges in this Title VII action that she was sexually harassed, discriminated against on the basis of her sex, and wrongfully discharged from her employment with the Department of the Air Force. She appeals pro se the district court's orders granting the government's motions to dismiss and for summary judgment. Taylor contends that (1) her constitutional and tort claims, and her claims against an Air Force General, were improperly dismissed; (2) the district court erred by dismissing her ten claims rejected by the EEOC on August 17, 1989; (3) summary judgment in favor of the government was improper on her claims relating to the revocation of her authorization to attend a training seminar, her subsequent suspension, and the manner in which her informal Equal Employment Opportunity ("EEO") complaints were processed; (4) the district court improperly denied her discovery; (5) a motions panel of this court erred by denying her motion for change of venue; and (6) a special master should be appointed. We reject Taylor's contentions and affirm.
 
 DISCUSSION
 
 3
 1. Dismissal of Constitutional and Tort Claims and Claims Against General Kempf
 
 
 4
 Taylor contends that the district court erred by dismissing her constitutional and tort claims, and her claims against General Kempf. We disagree. In Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976), the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Due to its comprehensive scope, Title VII preempts other causes of action seeking to redress the same wrong, including constitutional claims or tort claims based upon the same discriminatory employment actions. Brown, 425 U.S. at 835; Williams v. General Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990). All of Taylor's claims are based upon employment actions taken by her superiors allegedly due to discrimination. Accordingly, Title VII is her exclusive remedy, and we affirm the dismissal of her non-Title VII claims.
 
 
 5
 The district court also correctly dismissed Taylor's claims against General Kempf. An action based on federal employment discrimination must be brought against the appropriate head of the concerned department, agency or unit. 42 U.S.C. § 2000e-16(c); Williams, 905 F.2d at 311 (Title VII claimant is precluded from asserting discrimination claims against individual federal employees). Thus, the Secretary of the Air Force is the only proper defendant.
 
 
 6
 2. Dismissal of Ten Claims Rejected by the EEOC
 
 
 7
 Taylor asserts that the district court erred by declining to exercise subject-matter jurisdiction over ten claims rejected by the EEOC on August 17, 1989. We affirm the district court's dismissal of these claims, but point out that the district court mistakenly characterized Taylor's untimely filing of a civil action concerning these claims as a jurisdictional defect. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n. 2 (9th Cir.1995).
 
 
 8
 During the time period relevant to this action, claimants seeking to file a civil action had 30 days from the receipt of the final EEOC decision in which to do so. See 42 U.S.C. § 2000e-16(c) (1989); 29 C.F.R. § 1613.281(c) (1989); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990). Taylor did not file a civil action concerning her ten claims rejected by the EEOC on August 17, 1989, within this 30-day period. Further, she failed to demonstrate any basis for applying the doctrine of equitable tolling to save her action. See Irwin, 498 U.S. at 93-96 (30-day requirement in § 2000e-16(c) is equivalent to a statute of limitations and is subject to equitable tolling). Thus, the district court correctly dismissed that portion of Taylor's action relating to those ten claims.
 
 
 9
 3. Summary Judgment on Claims Relating to Training Seminar, Suspension, and Manner in which Informal EEO Complaints were Processed
 
 
 10
 Taylor asserts that the district court erred in granting summary judgment in favor of the government on her claims relating to the revocation of her authorization to attend a training seminar in Virginia and her March 16, 1987 suspension. We disagree. The government articulated a legitimate, nondiscriminatory reason for revoking her authorization to attend the seminar by offering proof that the authorization was revoked in order to facilitate the investigation of her administrative complaints. The government also articulated a legitimate, nondiscriminatory reason for suspending Taylor by offering proof that Taylor disobeyed a direct order not to attend the training seminar. Taylor's efforts to refute the government's legitimate explanations for its actions are wholly unpersuasive and without evidentiary support. We therefore conclude that Taylor failed to carry her burden of establishing a triable issue of fact on the ultimate question of whether the revocation of her authorization to attend the seminar, and her subsequent suspension, were motivated by discriminatory animus. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994) ("[W]hen evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate.").
 
 
 11
 We also affirm the district court's grant of summary judgment on Taylor's claim relating to improper processing of her informal EEO complaints of February 24 and March 13, 1987. We agree with the district court that Taylor failed to offer any evidence to support this claim.
 
 4. Denial of Discovery
 
 12
 Taylor contends that she was improperly denied discovery, in violation of Fed.R.Civ.P. 56(f), because the district court failed to enforce her motion to compel and did not sanction the government for failing to provide requested discovery. This contention is meritless. Taylor's requested discovery was a list of nearly 300 "interrogatories" in the form of a standard EEOC questionnaire. Answers to these standardized questions would have done nothing to aid Taylor in her efforts to establish discriminatory motive or intent on the part of the government. Because Taylor fails to explain how her requested discovery would have defeated the government's motion for summary judgment, we affirm the district court's implicit rejection of her Rule 56(f) request. See Qualls v. Blue Cross of California, 22 F.2d 839, 844 (9th Cir.1994).
 
 5. Denial of Request for Change of Venue
 
 13
 Taylor contends that she is entitled to a change of venue now that she no longer lives within the geographic boundaries of the Ninth Circuit. We have already denied this request, and Taylor provides no reason why our prior decision on this issue should not be the law of the case. See Leslie Salt Co. v. United States, 55 F.3d 1388, 1392-93 (9th Cir.), cert. denied, 116 S.Ct. 407 (1995).
 
 
 14
 6. Request for Appointment of a Special Master
 
 
 15
 We deny Taylor's request for appointment of a special master. Reference to a master is the "exception and not the rule," and is reserved for extremely complex cases. See Fed.R.Civ.P. 53(b); Yeseta v. Baima, 837 F.2d 380, 387 (9th Cir.1988). Taylor has shown no exceptional circumstances to justify such an appointment.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3